**CITY OF FLORISSANT,**
**Plaintiff-Respondent,**

v.

**Lucy LEE and Frank W. Lee, Deceased,**
**Defendants-Appellants.**

**No. 41501.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1980.

Robert H. Blanke, Olivette, for defendants-appellants.

V. Jack Muehlenkamp, Florissant, for plaintiff-respondent.

CRIST, Judge.

Defendants Lucy Ellen Lee and Frank W. Lee, deceased (hereinafter defendants), appeal an order of the Circuit Court of St. Louis County adjudging them in contempt

of a previous injunction order. Defendants were fined $1000.00, payment of which was stayed 90 days to allow defendants time to comply with the injunction. We reverse and remand for a new trial on specified issues only. Rule 84.14.

On August 12, 1971, the circuit court entered its permanent injunction in favor of plaintiff City of Florissant (hereinafter plaintiff) and against defendants, prohibiting them from storing or maintaining "rubbish and trash" on their real estate in violation of city ordinance. On June 3, 1976, plaintiff filed its motion alleging that defendants were illegally storing trash and rubbish, including junk automobiles. The entire evidentiary record of the contempt hearing, held in chambers on February 20, 1979, reads as follows:

MR. MUEHLENKAMP: If it please the Court this is a motion that was filed by the City for contempt of an injunction that had been issued by this Court in Cause Number 311827 in 1971.

It is my understanding, for the purpose of this record, that the parties, or that the defendants will stipulate that the material that is stored on the outside of the premises at 445 Graham Road, and located within the city limits of the City of Florissant, does in fact constitute junk; not only junked automobiles, but other materials as well.

It is my understanding that will be a stipulation between the parties; is that correct?

MR. BLANKE: I will stipulate that it is junk. I don't know if I want to specifically put automobiles in and limit in that fashion. Just like to state for the record that the general classification of junk, according to the Ordinance of the City of Florissant should apply in this instance.

MR. MUEHLENKAMP: And that it does include junked automobiles?

MR. BLANKE: If the Florissant ordinance includes junked automobiles as such, then I would say yes.

MR. MUEHLENKAMP: And that is stipulated on behalf of the Estate?

MR. BLANKE: In behalf of the Estate of Frank Lee.

MR. LEADLOVE: On behalf of Lucy Lee also.

MR. MUEHLENKAMP: It would therefore, if the Court please, be the position of the City, since they are admitting that the property contained on the property is junk, that they be found in contempt of this Court's Order, as the order specifically prohibits storing of said junk on that particular piece of property and have no further evidence as far as that particular violation is concerned. It will be introduced by the City based on that stipulation.

The above colloquy indicates that, for purposes of appeal, all materials stored about defendants' premises (save automobiles) be classified as "junk". The parties so stipulated. The automobiles were to be considered "junk" if, and only if, such a construction would comport with the relevant city ordinance. And, although the pertinent city ordinance was never introduced as evidence, the trial court's order of compliance dictated removal of all "junk" automobiles which failed to qualify for Missouri state license plates, as well as the remainder of the materials in question.

▋ Thus, the issue presented is whether the trial court's order of contempt is supported by the evidence adduced. It is the judgment of this court that the order is so supported, but only insofar as it applies to materials other than automobiles.

As was determined by agreement of the parties in their courtroom stipulation, all materials on the property constituted "junk", excepting automobiles. "Junk" has been defined in *Webster's Third New International Dictionary* (1961), in part, as follows:

(2): secondhand, worn, or discarded articles of any kind having little or no commercial value . . .: something without intrinsic value: TRASH. . . .

Accordingly, there would appear adequate evidence to support the trial court's order as it pertained to materials other than automobiles.

However, that portion of the order which is addressed to automobiles was not supported by the evidence. The automobiles

were to be considered "junk" only if the city ordinance so provided. No such ordinance was introduced as evidence and, as a general rule, municipal ordinances are not judicially noticed by appellate courts. *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123, 127 (Mo.App.1975). Consequently, there was no evidence from which to ascertain that the automobiles comprised "junk"; or that their storage on defendants' property contravened the city ordinances of Florissant.

We must remand this case for new trial on the automobile issue (and the effect thereof on the amount of the fine) as all pertinent factual information, upon which the trial court could predicate its order, was not introduced in evidence. Rule 84.14; *Household Finance Company, Inc. v. Watson,* 522 S.W.2d 111, 116 (Mo.App.1975); and, *Capoferri v. Day,* 523 S.W.2d 547, 558 (Mo.App.1975).

Reversed and remanded as to the automobile issue and amount of fine.

DOWD, P. J., and REINHARD, J., concur.