In the Matter of ALPHA PORTLAND CEMENT CO., Respondent,

v.

The MISSOURI DEPARTMENT OF NATURAL RESOURCES and its Director et al., Appellants.

In the Matter of ALPHA PORTLAND CEMENT CO., Respondent,

v.

The OPEN SPACE COUNCIL FOR the ST. LOUIS REGION et al., Appellants.

Nos. 40521, 40522.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Jan. 13, 1981.

John Ashcroft, Atty. Gen., Gregory G. Hoffmann, Gerald M. Sill, Asst. Attys. Gen., Jefferson City, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellants.

Thomas W. Wehrle, County Counselor, George William Lang, II, Associate County Counselor, Albert A. Michenfelder, Jr., Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for respondent.

STEPHAN, Presiding Judge.

This is an appeal by landowners, the Open Space Council for the St. Louis Region, the Missouri Department of Natural Resources and its Director from a judgment of the Circuit Court of St. Louis County affirming a ruling of the St. Louis County Council granting a conditional use permit to the Alpha Portland Cement Company. The permit would allow Alpha to extract sand and gravel from a tract in southwest St. Louis County; after extraction was completed, the area would be developed into a public park with a two hundred acre lake. We reverse.

In March 1975, Alpha filed an application with the St. Louis County Planning Commission for a conditional use permit for the extraction, processing and storage of sand and gravel on the property, which it leases. The tract of some 528 acres is located along the Meramec River near the intersection of Interstate Highway 44 and Antire Road. The land is zoned as part of the non–urban and flood plain non–urban districts, and at the time of the application was being used for agricultural purposes. (Alpha had previously filed two similar applications with the planning commission; both had been denied.) On June 2, 1975, following a public hearing, the planning commission denied the present application by a vote of 9 to 0. Alpha appealed the denial to the county council, which referred the matter back to the planning commission. The commission filed a report with the county council responding to Alpha's points on appeal and reaffirming its denial of the application.

On April 8, 1976, the county council held a public hearing on Alpha's appeal. The council placed in the record a number of communications which it had received in opposition to the proposed permit from landowners and business owners in the vicinity of the site, architectural and environmental groups and the Missouri Department of Natural Resources. At the hearing, these parties, along with other individuals and groups, were permitted to voice their objections. Alpha was represented at the hearing by its attorney, general mana-

ger of its Aggregate Division and an independent consulting engineer. In addition to his oral presentation, the attorney introduced engineering and architectural studies and a number of letters from area concrete producers in support of Alpha's application. The attorney's presentation was generally corroborated by the general manager and the engineer. The hearing before the council was transcribed and made part of the record. It indicates that the speakers at the hearing were not sworn; that the speakers were not cross-examined by those of the opposing viewpoint (though the speakers responded to questions from council members); that the various letters and documents were received by the council with little or no identification or authentication; and that no objection to the way the hearing was being conducted was raised at that time. The council took the matter under advisement and subsequently passed a resolution reversing the planning commission and granting the issuance of the permit to Alpha.

A timely notice of appeal of this resolution was thereafter filed with the county council pursuant to § 49.230 RSMo 1969 by the Open Space Council for the St. Louis Region and a number of individuals who alleged that their "rights and interests [were] adversely affected" by that action of the council. The Open Space Council and several of the individual appellants had appeared at the hearing before the council. The Missouri Department of Natural Resources (which had also so appeared through its director) and Alpha subsequently filed motions to intervene in the appeal; both motions were sustained.

The matter was argued before the circuit court on February 10, 1978. The discussion chiefly concerned the county council's attempt to augment the record that the council had previously certified to the circuit court pursuant to § 49.230. Specifically, the council offered into evidence the aforementioned county ordinance regulating the issuance of conditional use permits, flood plain district regulations, non-urban district regulations and the county charter. Objections to the documents were made by the appellants. The circuit court accepted these documents with the case without ruling on their admissibility. The court subsequently entered judgment affirming the county council's issuance of the permit to Alpha. The court's order contained no ruling on the challenged documents; they do not appear in the record presented to this court.

On appeal to this court, appellants argue that the circuit court erred in affirming the county council's order because (1) the council failed to observe procedures required to produce a reviewable record, in that the pertinent ordinance was not received, sworn testimony was not taken, no opportunity for cross-examination was provided, exhibits were not properly identified or introduced and materials were made part of the record after the close of the hearing; (2) the record, even if sufficient to permit review, does not contain competent and substantial evidence to support the order; and (3) certain new evidence concerning the historical and archeological significance of the site became available to appellants only after the council hearing and the court should therefore have remanded to the council pursuant to § 536.140.4 for a hearing of that evidence. In addition to controverting those arguments, respondents Alpha and the council contend that appellants did not properly invoke the jurisdiction of the circuit court.

■ We begin by addressing briefly the threshold question of the circuit court's jurisdiction. Appellants sought review in that court by filing a timely notice of appeal with the county council in accordance with § 49.230, which prescribes the method for appeal from the "decisions, findings and orders of county courts of a quasi-judicial nature affecting private rights." Respondents contend that the action of the council was not appealable under § 49.230, arguing that the proper method to review a decision to issue a conditional use permit is provided exclusively by Rule 100 (Ch. 536, RSMo 1969). We find no merit in this position for the reason that § 49.230 specifically pro-

vides that the matter shall be heard and determined by the circuit court "in the manner provided by section 536.140 RSMo." As noted, the filing of the notice of appeal was timely and within the requirements of § 49.230 (ten days), which are more stringent than those of Chapter 536 (thirty days), and it is of little moment whether this case is regarded as being initiated under the former or the latter. Issuance of a conditional use permit has been held to be a matter properly reviewable under Rule 100, *State ex rel. St. Louis County v. Jones*, 498 S.W.2d 294 (Mo.App.1973),[1] and, therefore, under Chapter 536.

Having concluded that appellants properly sought review of the council's decision, we turn to the substantive issues on appeal.

■■■ Appellants argue that the county council's proceedings were defective in certain respects, as a result of which no reviewable record was created. It is clear that the statements of interested parties before the council were unsworn, that there was no cross–examination by those holding adverse views, and that many documents were made part of the record with little or no authentication. We do not, however, decide against respondents on the basis of these alleged defects. We are aware that zoning matters have traditionally been conducted before municipal agencies with the greatest of informality, in an atmosphere similar to that of a "town meeting." None of the parties appearing before the county council objected to the format of the proceedings; indeed, the record indicates their complete acquiescence in the manner in which the proceedings were conducted. "The general rule is that a court should not set aside administrative actions unless the agency has been given a prior opportunity, on timely request by the complainant, to consider the point at issue." *Mills v. Federal Soldiers Home*, 549 S.W.2d 862, 868 (Mo. banc 1977). We see no reason not to apply the general rule in this case.

■■ We are disinclined to follow *State ex rel. Horn v. Randall*, 275 S.W.2d 758, 764 (Mo.App.1955) and other cases holding that unsworn statements of counsel and other participants in zoning matters cannot constitute competent and substantial evidence forming a record that can be judicially reviewed. We noted above the traditional informality in zoning hearings. In the case at bar, the bulk of the unsworn representations of counsel for appellants were not disputed. The determinative issue before the council was whether those facts warranted the issuance of a conditional use permit, given the ordinance standards for issuance of such a permit. It is the absence of this ordinance from the record, and not the presence of unsworn testimony, that is the fatal defect in the proceedings before the agency.

■■ This court may not judicially notice municipal ordinances. *City of Florissant v. Lee*, 593 S.W.2d 617, 619 (Mo.App.1980); *Queen of Diamonds, Inc. v. Quinn*, 569 S.W.2d 317, 319 (Mo.App.1978). Without the ordinance before us, we have no standards for determining whether the council's decision was based on competent and substantial evidence, since we do not know what was required to be shown in order to justify the issuance of the permit. As was said in *State ex rel. St. Louis County v. Jones*, 498 S.W.2d 294, 299 (Mo.App.1973):

> "The standards for granting a special use permit are established by the County ordinance. Under the County ordinance, § 1003.181(1), the guidelines must be satisfied before a conditional use permit may issue, and these standards and guidelines must be found by the Planning Commission and by the County Council on review."

Without the "guidelines" of the ordinance we have no way to measure whether the information presented to the council could be regarded as "competent and substantial

---

1. *Jones*, supra, also disposes of respondents' contention that the issuance of the permit was a legislative, not a "quasi–judicial," act as contemplated by § 49.230. At page 299, it is pointed out that, "The conditional use permit procedure is an administrative action; it is the enforcement, not the enactment, of zoning regulations."

evidence." Put another way, as has been done more often by our courts, without the ordinance in evidence, there is insufficient evidence in the record to sustain the findings of the council. *Consumer Contact Co. v. State Dept. of Revenue*, 592 S.W.2d 782, 785 (Mo. banc 1980); *City of Florissant, supra*, at 618.

In *Consumer Contact Co.*, supra, at 787, it was held that there was no authority permitting the remand of the case to the circuit court or to the administrative agency for supplementation of the record with the omitted ordinances. There, the court said:

> "Evidence of the alleged taxing ordinances does not fall into either of the categories in which the consideration of additional evidence not in the record of the administrative hearing has been authorized. The ordinances were not 'improperly excluded' in the hearing, because there was no attempt to offer the ordinances into evidence. It is equally clear that the exercise of reasonable diligence is not an issue because there was nothing to prevent introduction of the ordinances at the hearing."

Accordingly, we must reverse the case at bar but do so without prejudice to Alpha's right to file further application for a conditional use permit.

Thirteen days after he participated in the hearing, the director of the Department of Natural Resources of the State of Missouri "nominated" the area in question for inclusion in the National Register of Historic Places because of its archeological and historic significance. He and the other appellants now argue that this evidence was not available at the hearing in the exercise of reasonable diligence and warrants remand to the council. In view of our disposition of the case, we need not discuss this contention.

Reversed.

KELLY and STEWART, JJ., concur.