**Richard ANDERSON et al.,**
**Respondents,**

v.

**MISSOURI CLEAN WATER**
**COMMISSION, Appellant.**

**No. WD 34390.**

Missouri Court of Appeals,
Western District.

July 31, 1984.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondents.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

The Anderson brothers, Richard, Michael and David, applied to the Department of Natural Resources (DNR) for a permit to place two channel blocks in the old channel of Parsons Creek which runs through the Anderson land. DNR denied the permit

and the Andersons appealed to the Clean Water Commission. The Commission upheld the denial but on appeal to the circuit court that court reversed and ordered the permit issued. The Commission contends on this appeal that its denial was supported by competent and substantial evidence, and that its order should be affirmed. Reversed and remanded.

The Andersons owned land in Linn County through which about two miles of Parsons Creek meandered. The Andersons undertook the construction of a new channel and levee for the creek in an effort to stop periodic flooding. The new channel is about .6 miles long and is generally straight except for two turns, one at an angle of 90 degrees. It has a flat bottom 20′ in width with an ascending three-to-one slope leading to a 60′ width at the top.

The Andersons commenced work on the new channel and had completed about one-half of the project when the Army Corps of Engineers notified them that they were required to obtain a permit before they could block off the old channel at the point where the new channel left and also at the point where the new channel rejoined the old. The permit is required under § 404 of the Federal Clean Water Act, 33 U.S.C. § 1344 (1976 & Supp. III 1980). The Act requires the applicant to provide the Corps with certification from the state that the project will not violate any of the Act's applicable provisions. Section 401(a)(1), 33 U.S.C. § 1341(a)(1) (1976 & Supp. III 1980). The certification is to the fact that the project will not violate any of the water quality standards required to be adopted by the state pursuant to § 303 of the Act, 33 U.S.C. § 1313 (1976 & Supp. III 1980).

The general assembly adopted the clean water law set out in §§ 204.006—204.141, RSMo.1978, in which the Clean Water Commission was created. Provision also was made for the issuance of permits required by federal law.

Under § 204.051.6 an appeal from the denial by DNR for the issuance of a permit is taken to the Commission. Section 204.-051.7 provides that the decision of the Commission is subject to judicial review as provided in § 204.071. That section states that judicial review is available pursuant to the provisions of Chapter 536, the chapter providing for the judicial review of administrative decisions. Section 536.090, RSMo. 1978, requires the administrative agency to make findings of fact and conclusions of law. That section necessitates that the agency make a concise statement of the findings on which it bases its order.

A meaningful review in this case is frustrated by the failure of the Commission to make findings of fact as mandated by § 536.090. There was an abundance of conflicting testimony presented to the Commission. Evidence on behalf of the Andersons indicated that the water in the creek revealed a low level of suspended solids while the DNR evidence challenged the validity of that evidence because the Andersons' experts had taken only three samples of water to test for solids. There was a dispute regarding whether or not a rechanneled creek which is well seeded and managed is better than a natural one, particularly with respect to the amount of silt which would accumulate. The Andersons presented expert evidence that channelization did not cause significant visible contrast in the appearance of the water from that in the old channel and that there would not be interference with the beneficial uses of the creek in its new channel. DNR presented evidence to the contrary.

One of the sharpest disputes concerned the change in the velocity of the flow of water from the old to the new channel. Further, one of the problems presented by the evidence was that much of the evidence on the effect of the new channel was speculative because the channel block had not been placed in the old channel to divert the creek completely into the new channel.

The Commission entered what it denominated findings of fact and conclusions of law. The first seven paragraphs of that document largely recite a procedural history of the case. The attorney general points to paragraph 8 as a finding of fact that the type of soil in the levee and new

channel would be substantially eroded when impacted by the increased velocity of water flowing in the new channel. In fact, paragraph 8 does not contain any finding of fact by the Commission: Rather, that paragraph simply recites the testimony introduced by each side on the question without resolution by the Commission as to which evidence it found to be true. That paragraph is typical of the entire document.

The attorney general further cites paragraph 11 as a finding of fact. However, that paragraph simply states that the testimony showed that an increase in turbidity and suspended solids would interfere with the beneficial uses of the creek. Thus, it does not state a finding of fact by the Commission but only recites the contents of a portion of the testimony.

The requirement that an agency make a finding of fact on contested issues was fully discussed in *Century State Bank v. State Banking Board of Missouri*, 523 S.W.2d 856 (Mo.App.1975). It would serve no purpose to repeat what was said in that case. Suffice it to say that this court cannot perform its duty of review when the agency fails to make findings on the contested facts heard by it. *Century* held that it is not permissible to consider that the agency found the facts in accordance with the result reached. *Id.* at 858[1].

For reasons fully set out in *Century*, the judgment is reversed. This cause is remanded to the circuit court with directions to remand this cause to the Clean Water Commission with directions to enter findings of fact and conclusions of law as required by law.