BAY FINANCE COMPANY and C. Arch Bay, Plaintiffs-Respondents,

v.

MISSOURI COMMISSION ON HUMAN RIGHTS, et al., Defendants-Appellants.

No. 13863.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 21, 1985.

Application to Transfer Denied
Jan. 15, 1986.

---

Paul L. Bradshaw, David C. Agee, Neale, Newman, Bradshaw and Freeman, Springfield, for plaintiffs-respondents.

William L. Webster, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

PER CURIAM.

This appeal questions the legality of a circuit court order directing the Missouri Commission on Human Rights (Commission) to award attorney fees payable by the Commission to Bay Finance Company and C. Arch Bay (Bay).

On July 24, 1980, Cherlye Crews, filed a written complaint against Bay with the Commission. The complaint alleged that Crews was black, that she had rented an apartment from Bay, that Bay attempted to evict her, giving as his reason the fact that she kept a dog, in violation of the landlord's policy, and that she permitted loud, wild parties on her premises. It stated that white tenants in the same apartment complex kept dogs and hosted loud parties, but were not asked to vacate, and alleged that the real reason she was asked to move was because she was black. Crews was not evicted, and eventually vacated the apartment on her own volition for causes unrelated to Bay.

An investigation was conducted, after which the Executive Director of the Commission issued a "Finding of Probable Cause" stating that Bay had discriminated against Crews because of her race, by trying to force her to move out of the apartment after finding that she was black, and,

as a result, she had been "constructively" evicted.

The Commission then filed an amended complaint against Bay, styled *State of Missouri ex rel. Cherlye Crews v. Bay Finance Company and C. Arch Bay.* This complaint was filed by the Attorney General, allegedly as agent and attorney for the Commission, and requested that the Commission find Bay guilty of discriminating against Crews for trying to force her to move, that he be ordered to cease such practices, and that he pay damages to her for the constructive eviction.

On October 23, 1981, a hearing, as provided by law, § 213.120.4–6,[1] was held before a hearing examiner appointed by the Commission. After hearing evidence, the examiner made written findings of fact, conclusions of law and a recommended decision and order. He found that plaintiff had failed to prove a case of racial discrimination against Bay, recommended that the complaint be dismissed, and concluded that, even though Bay had requested an award of attorney fees, he had presented no evidence justifying such an award, assuming such an award was authorized by law, and denied the attorney fee claims.

Three members of the Commission, Presiding Commissioner Marie Burrow, and Commissioners Bill Beemont and Sam Houston, acting for the Commission pursuant to § 213.120.8, reviewed the record, and the hearing examiner's findings of fact and conclusions of law and entered its "Decision and Order." The Commission affirmed the hearing examiner's dismissal of the Crews complaint, finding the evidence was insufficient to prove discrimination and that attorney fees for Bay were not supported by the record.

Bay, being aggrieved by the order concerning attorney fees, filed a petition for judicial review in the circuit court of Greene County, as provided in § 213.120.9. The circuit court, after reviewing the record, vacated that portion of the Commission's order denying Bay attorney fees, and remanded the case to the Commission, directing it to award attorney fees, based on the record, to Bay, to be paid by the Commission, for attorney services performed up to the date of the circuit court judgment.

This judgment, entered on January 5, 1983, after motions for rehearing or new trial were heard by a successor trial judge, was modified on April 12, 1983. The modification order directed the Commission to consider evidence on the attorney fee question, and to award Bay reasonable attorney fees to be paid by the Commission based on such evidence, or in lieu of such evidence, to make such an award based on a stipulation of the parties.

The Commission appealed. The appeal was dismissed by this court because the order appealed from was not a final judgment, since no attorney fee award had been made. The parties did not present evidence as to attorney fees to the Commission, other than by stipulation. After stipulation by the parties that Bay had incurred reasonable attorney fees of $3,500 for the administrative procedures, the Commission, under court compulsion, entered an order assessing attorney fees in that amount against itself and in favor of Bay, expressly reserving the right to deny that it owed any attorney fees to Bay.

Still under court order to do so, the Commission and Bay, by a second stipulation, agreed that Bay had incurred additional attorney fees of $500 for work done on the case at the circuit court level since the first stipulation, and, if the case was appealed, would incur an additional $3,000 in attorney fees for work to be done before an opinion would be handed down by this court. Following this series of events, the circuit court, on June 20, 1984, issued a final order awarding Bay the attorney fees set out in the stipulations, totalling $4,000 for work done prior to appeal and $3,000 for the appeal.

The problem here, although evidently not recognized by the attorneys for

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

either side, is whether the circuit court had the authority to remand the case to the Commission for the purpose of hearing further evidence, either from live witnesses or by stipulation, on the attorney fee issue. Section 536.140.4 reads as follows:

4. Wherever under subsection 3 of this section or otherwise the court is entitled to weigh the evidence and determine the facts for itself, the court may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency. Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence. The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record.

There is nothing in the record to indicate that Bay, in the exercise of reasonable diligence, could not have produced evidence before the hearing examiner as to what his reasonable attorney fees had been, or that evidence as to his attorney fees was improperly excluded by the hearing examiner. Under those facts, the circuit court had no authority to remand the case for the purpose of hearing additional evidence, *Consumer Contact Company v. State Department of Revenue*, 592 S.W.2d 782, 787 (Mo. banc 1980); *Alpha Portland Cement Co. v. Mo. Dept. of Natural Resources*, 608 S.W.2d 451, 455 (Mo.App.1980), and it was error to consider any facts obtained from such a procedure in arriving at a final judgment.

■ It was also error for the trial court to award Bay attorney fees to be paid by the Commission, for legal services performed in his behalf during judicial review, including this appeal. The attorney fee statute in question, § 213.127.3, reads as follows: "Any complainant or plaintiff who fails to prevail under any procedure initiated by virtue of sections 213.100 to 213.-130 shall be liable for all costs in connection therewith, including a reasonable attorney's fee to be awarded to the party complained against, and may be required to give security therefor." In construing the meaning of a statute, we should attribute plain meaning to the words used therein, if such is possible. *Bank of Crestwood v. Gravois Bank*, 616 S.W.2d 505, 510 (Mo. banc 1981). There is nothing magical about the word "complainant" as used in the attorney fee statute. It means the person who files the written discrimination complaint with the Commission. That person was Crews. If attorney fees would have been authorized under the facts of this case, assuming proper procedures had been followed, and proper evidence introduced, the award should have been made against Crews, and not against the Commission.

■ The attorney fee award against the Commission cannot stand for another reason. The Commission is an agency of the state of Missouri. Express, specific statutory authority is required to support an attorney fee award to be paid by the state or its entities. *In re Interest of K.P.B.*, 642 S.W.2d 643, 645 (Mo. banc 1982); *L.R.R. v. Christian Family Services, Inc.*, 620 S.W.2d 14, 15 (Mo.App.1981). Section 213.127.3 does not expressly and specifically authorize an award of attorney fees against the state or the Commission in a case such as this where the proceedings were instituted by an individual who later failed to prevail on her complaint. Even if the trial court had entered judgment for attorney fees against Crews, under the facts here, it could not stand. We have stated that Bay presented no evidence before the hearing examiner that justified an attorney fee award.

As to judicial review, those procedures were not initiated by Crews, the losing party below, but by Bay, solely for the

purpose of seeking someone to pay his attorney fees. Crews did not intervene in such proceedings. Since she was not a party to the judicial review proceedings, she could not have been bound by any stipulation as to amount of attorney fees incurred by Bay as the result of judicial review, if the trial court had sought to assess attorney fees against her.

The Commission's decision affirming the hearing examiner's findings, and orders that Crews had not maintained her burden of proof, dismissing the complaint, and disallowing attorney fees was supported by substantial competent evidence on the record, was not arbitrary, capricious, or unreasonable, and was authorized by law. As such, it was error for the trial court to reverse the Commission's order upholding the findings and conclusions of the hearing examiner.

The part of the trial court's judgment awarding Bay attorney fees to be paid by the Commission is reversed. That part of its judgment affirming the Commission's order dismissing the complaint against Bay, and finding there was no factual basis for the award of attorney fees to Bay is affirmed.

All concur.