**BAY FINANCE COMPANY and C. Arch Bay, Plaintiffs-Appellants,**

v.

**MISSOURI COMMISSION ON HUMAN RIGHTS, et al., Defendants-Respondents.**

No. 13871.

Missouri Court of Appeals, Southern District, Division One.

Oct. 31, 1985.

Paul L. Bradshaw, David C. Agee, Neale, Newman, Bradshaw and Freeman, Springfield, for plaintiffs-appellants.

William L. Webster, Atty. Gen., Bruce Farmer, Sara Rittman, Margaret Keate, Asst. Attys. Gen., Jefferson City, for defendants-respondents.

PER CURIAM.

Bay Finance Company and C. Arch Bay (Bay) appeal from a circuit court order affirming a decision of the Missouri Commission on Human Rights (Commission) finding that Bay discriminated against Jane Pike, a black female, because of her race, in telling her to vacate an apartment she was renting from him, and by filing evic-

tion proceedings against her. The Commission's order also directed Bay to cease and desist from discriminating against black tenants with regard to the terms, privileges or conditions of rental property and awarded Pike $1 as nominal damages.

Bay's sole contention here is that the circuit court erred in affirming the Commission's order because the order was not supported by competent and substantial evidence which established that Pike's race affected any decision made by Bay in the matter, or that Bay's conduct adversely affected the terms, conditions or privileges of Pike's rental of the apartment.

Our review is of the Commission's order, and our task is to determine whether it is supported by competent and substantial evidence. *Twenter v. Missouri Commission on Human Rights*, 671 S.W.2d 429, 430 (Mo.App.1984).

Viewed in a light most favorable to the Commission's decision, the record shows that on June 25, 1980, Jane Pike rented an apartment located at 321 South Dollison, Springfield, Missouri, owned by Bay Finance Company, which is managed by C. Arch Bay. The rental agreement transaction was arranged by Cherlye Crews, also a black female, who lived in the apartment building and was an agent for Bay. Bay knew that Pike was black before he agreed to the rental arrangement. Bay rented property to other black tenants.

Pike moved into the apartment on July 1, 1980. Four days later, she gave a party for between 30 and 50 guests at the apartment which lasted from approximately 10 P.M. until 2 A.M. the next morning. Alcoholic beverages were consumed by some of the guests, music was played, and people danced. Neighbors called the police because of the noise and improper parking of vehicles on the street. The police came to the scene and asked that the illegally parked cars be moved.

Bay received complaints about the party. The day after the party, he told Pike to vacate the apartment because "he did not rent the downstairs out as a pleasure house." On August 1, Bay attempted to evict Pike for nonpayment of rent. The eviction suit was later dismissed by Bay when the rent was paid.

There is substantial evidence in the record that several of Bay's white tenants gave large wild parties and that the police were called to curb disturbances at some of them. There was substantial evidence that although some of those tenants, specifically Buddy Adams, were warned several times about their loud wild parties, they were not evicted, but were given a second chance.

Pike eventually vacated the apartment on her own volition. Although she complained of certain abuses, such as dead fish being thrown in her yard, and men congregating in front of her house, none of those acts were attributable to Bay.

What the record shows is that Pike, Adams, and other tenants were treated the same way by their landlord. When they hosted loud parties, they were told to get out by Bay, but he later relented and let them stay on their promise not to repeat the improper behavior.

There is no competent and substantial evidence in the record to support a reasonable inference that Bay discriminated against Pike in telling her to vacate because of her race after he received complaints about her party.

The order of the circuit court affirming the Commission's order finding Bay guilty of discrimination against Pike and awarding her $1 as nominal damages is reversed. Bay's request that we award him attorney fees is denied for the reasons set out in a companion case entitled *Bay Finance Company and C. Arch Bay, Plaintiffs-Respondents, v. Missouri Commission on Human Rights, et al., Defendants-Appellants*, 701 S.W.2d 562.

All concur.