Dorothea S. WEHRLE, et al.,
Respondents,

v.

Ethel Mae CASSOR, et al., Appellants.

No. 50377.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1986.

Jerome Wallach, St. Louis, for appellants.

Donald K. Anderson, Jr., St. Louis, for respondents.

GARY M. GAERTNER, Judge.

Owners of four lots petitioned the City of Eureka's Board of Adjustment for variances from the City's setback ordinance. The Board approved the variances, citing financial hardship. Several adjoining and nearby landowners petitioned the St. Louis County Circuit Court for certiorari. The circuit court held that the Board had exceeded its authority and reversed the action of the Board. The Board appeals. Affirmed.

Construction of houses on four lots in the Bald Hill Gardens subdivision began in violation of a Eureka setback ordinance. The ordinance requires houses to be constructed at least thirty feet back from the property line. The lot owners failed to obtain a professional survey, and the subcontractor thus laid the foundation on lot

number one in violation of the setback requirement.

The City Administrator, Lester Baird (Baird), subsequently inspected lot number one to ensure that the structure complied with city ordinances—including the setback requirement. Baird made no measurements and claims to have relied on the measurements of the builders. He permitted construction to continue even though he suspected a violation existed. The Mayor, the City Clerk and Baird inspected lot number two. When Baird inspected lot number three, he measured the setback and found that it violated the ordinance. Construction nevertheless continued.

The Mayor and another city official later called attention to the violations on all four lots, but Baird allowed construction to continue. The Board of Aldermen brought up and discussed the violations at a meeting, and Baird issued a stop work order the next day. After he issued the stop work order, Baird nevertheless permitted some construction to continue. The owners of the lots then petitioned the Eureka Board of Adjustment for a variance from the ordinance. The Board held a hearing and subsequently granted variances for all four lot owners.

Several nearby residents petitioned the St. Louis County Circuit Court, seeking to overturn the decision of the Board. The circuit court held that the Board had exceeded its authority in granting the variances.[1] We agree.

Variances allow boards of adjustment to grant exemptions from ordinance requirements if certain special circumstances warrant the alleviation of hardship. *Wolfner v. Board of Adjustment,* 672 S.W.2d 147, 150 (Mo.App.1984). Section 23–194(d) of the Eureka Ordinances permits the Board to grant a variance from the setback requirement when an irregular shape of the lot, topographic or other similar condition causes practical difficulties or unnecessary hardships.[2] The hardship in this case resulted from a mistake, not from a unique physical characteristic of the land. The proponents of the variance offered no evidence that an irregular shape or topographic condition caused hardship or difficulty. Although the lot owners submitted evidence of severe financial hardship, the cause of the hardship does not fit within the framework established by the ordinance.[3] The Board clearly exceeded the limits on its authority set forth in the ordinance.

In a zoning proceeding, the reviewing court may determine whether the board of adjustment's ruling was authorized by

1. The circuit court further held that the Board was improperly constituted when it rendered its decision, and the Board also appeals from that ruling. We need not address this issue, however, given our holding that the Board exceeded its authority in granting the variances.

2. This section of the Eureka ordinances is not contained in the record on appeal, and it does not appear to have been admitted into evidence during either the administrative or circuit court proceedings. As a general rule, courts may not take judicial notice of municipal ordinances. *Alpha Portland Cement Co. v. Missouri Department of Natural Resources,* 608 S.W.2d 451, 454 (Mo.App.1980). Any decision based upon a municipal ordinance not admitted into evidence or stipulated to by the parties thus necessarily lacks substantial evidence to support it. *Consumer Contact Co. v. State Department of Revenue,* 592 S.W.2d 782, 785 (Mo. banc 1980). In *General Motors Corp. v. Fair Employment Practices Division,* 574 S.W.2d 394, 400 (Mo. banc 1978), however, our Supreme Court eschewed strict application of this rule because it appeared that all parties, the agency and the circuit court had the ordinance before them during the proceedings below, and because no one had objected to the failure to admit the ordinance into evidence. A similar situation obtains in the case before us, and we thus reach the merits of this appeal.

3. A mistake caused by failure to measure the setback line prior to construction does not qualify as an "other similar condition" under the ordinance. "[W]here general words follow specific words, designating specific things, the general words will be considered as limited to things of the same general character as those specified." *State ex rel. Rabenau v. Beckemeier,* 436 S.W.2d 52, 57 (Mo.App.1968). In *Conner v. Herd,* 452 S.W.2d 272, 277 (Mo.App.1970), the court construed the term "other condition" as meaning "some physical characteristic peculiar to the lot which gives rise to the difficulty or hardship."

law and whether it was supported by substantial evidence. *Rosedale-Skinker Improvement Association, Inc. v. Board of Adjustment of the City of St. Louis*, 425 S.W.2d 929, 936 (Mo. banc 1968). "[I]f a Board of Adjustment exceeds the authority granted to it a court on review may, and should, hold the Board's decision to be illegal and void." *State ex rel. Rabenau v. Beckemeier*, 436 S.W.2d 52, 56 (Mo.App. 1968).[4]

In *Beckemeier*, the builder began constructing a house in violation of a St. Louis County setback ordinance. That ordinance, like the one in the case before us, allowed variances if "there [were] practical difficulties or unnecessary hardships ... due to an irregular shape of the lot, topographical or other conditions...." *Beckemeier*, 436 S.W.2d at 56. After the County's Field Inspector issued a stop work order, the builder petitioned for and received a variance from the St. Louis County Board of Adjustment. Several nearby landowners sought to overturn the Board's decision in the circuit court. The circuit court reversed the decision of the Board. This court found no showing of a physical characteristic peculiar to the lot and affirmed the circuit court's decision. The Board had exceeded its authority.

In the present case, the proponents of the variances failed to show that an irregular shape or topographic condition created hardship. The ordinance unequivocally sets forth these terms, and the Board must follow them. The Board nevertheless granted the variances, citing hardship caused by a mistake. This language does not appear in the ordinance, nor can it be implied from the ordinance. The ordinance does not give the Board unlimited discretion to grant variances for *any* condition. An ordinance giving the Board such "arbitrary or unlimited discretion" without standards would likely be "an unconstitutional delegation of legislative authority." *Id.* at 56. The integrity of the legislative body must be respected, for it reflects the desires of the community. The Board exceeded its authority and its decision is therefore illegal and void.

 The issue of standing, raised at oral argument, will be briefly addressed here. Section 89.110 RSMo 1978 provides, in pertinent part:

> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment ... may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality.

The standing issue thus turns on whether or not the respondents qualify as aggrieved persons. "[T]he party seeking relief must demonstrate a specific and legally cognizable interest in the subject matter of the administrative ... decision and that he has been directly and substantially affected thereby...." *Palmer v. St. Louis County*, 591 S.W.2d 39, 41 (Mo.App.1979). The respondents own property adjacent to and in the immediate vicinity of the four lots involved. At the Board hearing, they expressed concerns about safety as well as aesthetic impairment of the neighborhood. The houses create a "dangerous situation" "obstructing the view" down the road, and they stick out like a "sore thumb." These legitimate concerns by persons in close proximity qualify the respondents as aggrieved parties and give them standing under the statute.

The decision of the circuit court is affirmed.

KAROHL, P.J., and SIMON, J., concur.

---

4. *See also Bourke v. Foster*, 343 S.W.2d 208, 211 (Mo.App.1960) (court may reverse or affirm in order to correct the illegality).