**Hartley B. COMFORT, II, et al., Plaintiffs/Appellants,**

v.

**The COUNTY COUNCIL OF ST. LOUIS COUNTY, et al., Defendants/Respondents.**

No. 59752.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1992.

Albert A. Michenfelder, Jr., Clayton, for plaintiffs/appellants.

Richard D. Watters, Stuart J. Vogelsmeier, St. Louis, Brainerd W. LaTourette, Jr., Clayton, for defendants/respondents.

GRIMM, Presiding Judge.

Plaintiffs appeal the trial court's decision (1) remanding and (2) subsequently affirming after remand the grant of an amended conditional use permit (CUP) by the St. Louis County Council. The council approved a proposed expansion by St. Luke's Episcopal–Presbyterian Hospitals to add an office building and a parking garage to the existing hospital campus. Plaintiffs, numerous landowners who live near the hospital, opposed the CUP.

Plaintiffs raise three points on appeal, however we need address only their first point. They contend that the "circuit court erred in remanding the case to the county council instead of reversing the county council's resolution." Plaintiffs allege that because the council failed to (a) make "the governing ordinance provisions ... the subject of findings," (b) enter the ordinance into evidence, or (c) make it part of the record, the circuit court had no authority to remand the case. Moreover, plaintiffs argue that the trial court was required to reverse instead of remanding. We reverse without prejudice to hospital's right to refile.

### I. Background

On October 24, 1989, hospital petitioned the St. Louis County Planning Commission for an amendment to its existing CUP. A portion of the proposed office building

would be used for hospital purposes, while the remainder would be physician office space. The parking garage would be used both by the hospital and the physicians. The additions would be at the site of the existing hospital campus.[1]

Following a public hearing, the planning commission approved the hospital's application. Thereafter, the public improvements committee of the county council held a public hearing. The applicable county zoning ordinance was not introduced into evidence at either public hearing.

Subsequently, the county council granted the CUP. In the resolution granting the CUP, the council found the proposed building to be "an accessory use pursuant to Section 1003.020–3(2)" of the zoning ordinance. That section, however, merely defines the term "accessory use."[2] The section of the zoning ordinance which sets out the four requirements for permitting such use is § 1003.*107.4*, not § 1003.*020–3(2)*.

Pursuant to § 536.130,[3] plaintiffs filed a petition for administrative review in the St. Louis County Circuit Court. Among other things, the petition alleged "there was no substantial and competent evidence in the record that the Amendment of the Conditional Use Permit would not violate [§ 1003.107.4]." The petition asked the court to reverse the council's grant of the CUP.

Numerous motions were filed by the parties. While those motions were pending, the trial court entered an order, a portion of which states:

> In Section 4 of the Resolution, the County Council made findings of fact and conclusions of law that the proposed medical building constituted an accessory use "pursuant to Section 1003.020–3(2) SLCRO 1974, as amended." No specific findings of fact or conclusions of law were made with respect to the proposed

medical building's compliance with Section 1003.107.4 SLCRO.

> The Resolution of the County Council is incomplete and inadequate. This Court cannot perform its duty of review without findings and conclusions on all of the contested facts heard by it.

> IT IS THEREFORE the Order of the Court, *sua sponte*, that this cause be remanded to the County Council of St. Louis County with directions to enter findings of fact and conclusions of law with respect to the proposed medical building's compliance with Section 1003.-107.4 SLCRO.... The County Council is not required, but may, reopen the hearing to hear additional evidence.

Thereafter, the county council notified the parties of its intention to take official notice of certain documents, including § 1003.107.4. Plaintiffs wrote the council, stating that the council could not take official notice of those documents. However, the council took official notice of § 1003.-107.4 and adopted an amended resolution granting the CUP.

The trial court denied the pending motions. In addition, it affirmed the decision of the county council.

## II. Necessity of § 1003.170.4 in the Record

In plaintiffs' first point on appeal, they argue that § 536.140(4) prohibited the trial court from remanding the matter to the agency. We agree.

■ We first observe that when a municipal ordinance prescribes standards for the issuance of a CUP, the ordinance must be entered into the record. *Alpha Portland Cement Co. v. Missouri Dept. of Nat'l. Resources*, 608 S.W.2d 451, 454 (Mo.App. E.D.1980). "[A]bsence of this ordinance from the record ... is [a] fatal defect in the proceedings before the agency." *Id.* The reason for this rule is simple. "Without

---

1. At oral argument, both parties agreed the construction of the office building and parking garage had been completed, but use permits had not been issued for all floors of the office building. Therefore, the issue is not moot.

2. St. Louis, Mo., Rev. Ordinances § 1003.020–3(2) generally defines accessory use as "[a] use incidental and subordinate to the principle use of the premises."

3. All statutory references are to RSMo 1986.

the ordinance before us, we have no standards for determining whether the council's decision was based on competent and substantial evidence, since we do not know what was required in order to justify the issuance of the permit." *Id.*

### III. Trial Court's Authority to Remand

■ Apparently upon realizing that § 1003.170.4 was not in the record, the trial court remanded the case to the county council. The trial court reasoned that the record before it was "incomplete ... [and it could not] perform its duty of review without findings and conclusions on all of the contested facts heard by it."

However, § 536.140 establishes the scope of judicial review of administrative agency decisions in Missouri. Section 536.140 states that

> Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in light of such evidence.

§ 536.140.4.

The Missouri Supreme Court has interpreted § 536.140.4 to authorize

> the court to ... remand the case to the agency with directions to reconsider the facts in light of such evidence *only* if the court finds either (a) the evidence could not have been produced in the exercise of reasonable diligence, or (b) the evidence

was improperly excluded at the hearing before the agency.

*Consumer Contact Co. v. State, Dept. of Rev.,* 592 S.W.2d 782, 787 (Mo.banc 1980).

In *Alpha Portland,* this court relied on the supreme court's decision in *Consumer Contact* to reverse a decision by the St. Louis County Council granting a CUP. *Alpha Portland,* 608 S.W.2d at 455. In that case, the county council failed to make the applicable zoning ordinance part of the agency's record before the trial court. *Id.* at 453. However, the county council offered the ordinance into evidence at a hearing before the trial court, and the trial court affirmed the council's decision. *Id.* at 453. This court reversed on appeal, relying on *Consumer Contact. Id.* at 455.

> In *Consumer Contact Co., supra,* at 787, it was held there was no authority permitting the remand of the case to the circuit court or to the administrative agency for supplementation of the record with the omitted ordinances.... Accordingly, we *must* reverse the case at bar but do so without prejudice to Alpha's right to file further application for a conditional use permit. (emphasis added).

*Id.*

Here, the trial court remanded the matter to the council because the record before it did not contain findings by the county council of the application's compliance with § 1003.107.4. No such findings were made because § 1003.107.4 was never made part of the record prior to remand. *Alpha Portland* is controlling; the trial court had no authority to remand. It was required to reverse the county council's decision.[4]

---

**4.** The county council relies on cases which direct the trial court to remand a case when the agency has failed to put together a competent record for the trial court to review. *See, e.g. Sullivan County v. State Tax Comm'n.,* 513 S.W.2d 452 (Mo.Div. 2 1974); *Labrayere v. Goldberg,* 605 S.W.2d 79 (Mo.banc 1980); *Anderson v. Missouri Clean Water Comm'n,* 675 S.W.2d 115 (Mo.App.W.D.1984); *Century State Bank v. State Banking Bd. of Mo.,* 523 S.W.2d 856 (Mo.App.W.D.1975).

These cases are distinguishable from the present case and *Alpha Portland.* They involve

an agency's failure to make reviewable findings of facts and conclusions of law. In *Sullivan* and *Labrayere* there was no record made of evidence offered at the administrative hearing, *Sullivan,* 513 S.W.2d at 453; *Labrayere,* 605 S.W.2d at 85–87. In *Anderson,* the Clean Water Commission heard conflicting testimony, but failed to make any findings of fact to support its decision, reciting only "the testimony introduced by each side...." *Anderson,* 675 S.W.2d at 117. Also, in *Century State Bank,* the State Banking Board, after hearing conflicting evidence, did not set out what facts it found to be true. *Century State Bank,* 523 S.W.2d at 858.

We reverse the trial court's decision affirming the county council's grant of an amended CUP to hospital. However, we do so without prejudice to hospital's right to file further application for an amended CUP.

SATZ, and CRANDALL, JJ., concur.

*Alpha Portland* and the present case are clearly distinguishable from the cases relied on by the council. *Alpha Portland* and the present case are examples of a council's failure to enter a necessary ordinance into the record. Therefore, they are governed by § 536.140.4's restrictions on remanding.

See also, *Nance v. City of Raytown,* 710 S.W.2d 918 (Mo.App.W.D.1986). However, we agree with the concurring in result comments of Judge Dixon:

If the question were an open one, I would prefer a rationale in the case law that permits the appellate court [and we add circuit court] to exercise discretion in taking judicial notice of ordinances. Many large municipalities now have well codified and easily accessible ordinances. This court [and we add circuit court] should be able to take judicial notice in a situation where the ordinances are readily available and avoid an inappropriate result. *Id.* at 920.