**STATE of Missouri at the Relation of: Carl DOTSON, et al., Appellants,**

**v.**

**COUNTY COMMISSION OF CLAY COUNTY, Missouri,**

**and**

**Platte–Clay Electric Cooperative, Inc., Respondents.**

**No. WD 52567.**

Missouri Court of Appeals, Western District.

Submitted Oct. 17, 1996.

Decided Feb. 4, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1997.

Application to Transfer Denied April 29, 1997.

Bruce A. Dotson, Blue Springs, for appellants.

Ronda Reems, Kansas City, for Respondent County Commission of Clay Co., MO.

Michael J. Abrams, Kansas City, for Respondent Platte–Clay Electric Cooperative, Inc.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

PER CURIAM.

Carl Dotson and other interested property owners appeal from a decision of the circuit court, affirming an order of the Clay County Commission ("County Commission") granting a conditional use permit to the Platte–Clay Electrical Cooperative ("Cooperative") for the construction of a communications tower. Appellants claim that the trial court erred in affirming the decision of the Commission because the permit was unlawfully granted in that: (1) it did not meet the law's requirements; (2) evidence from outside the record was used in making the decision; (3) it unlawfully dismissed a valid protest and failed to get a majority of votes; and (4) it failed to make separate findings of fact and conclusions of law. Appellants also contend that certain setback and subdivision requirements were violated. The judgment is affirmed.

On March 6, 1995, the Cooperative filed an application with the Clay County Planning and Zoning Department for a conditional use permit to erect a communications tower for microwave and radio uses. The Cooperative sought to erect the tower to participate in the Med Channel system. The communications tower could also be used by emergency service providers. Notice of a public hearing was published and mailed to the adjoining property owners. Public hearings were held on April 5, 1995 and May 3, 1995. The Clay County Planning and Zoning Department issued a conditional use permit on May 3, 1995, contingent upon the approval of the County Commission.

The County Commission met on May 15, 1996 at a public work session. The minutes of that session reflect that Carl Dotson wanted additional time in order to hire an attorney. A fifteen day extension was granted. On May 30, 1995, the County Commission met to consider the matter. Two of the County Commissioners, Commissioner Nichols and Commissioner Brandom, voted in favor of granting the conditional use permit to the Cooperative. A third Commissioner, Commissioner Lawson, abstained because of his membership in the Cooperative. The permit contained the following conditions:

2.) This conditional use permit is conditional upon the holders compliance with the following conditions and stipulations:

a.) a fence be erected around the tower and shed for safety purposes and to prevent the vandalism of the premises. Such fence shall be at least six feet (6') in height and contain the necessary warning notices regarding private property.

b.) All applicable State and Federal licenses and permits shall be acquired and actively maintained by Platte Clay Electric Cooperative.

c.) A building permit be issued for the construction of the tower, and meet requirements of the Clay County building codes. Application for such permit shall also include an accurate site plan for the location of the tower and building.

3.) Platte Clay Electric Cooperative will purchase additional property where necessary, so as to provide a buffer of 420 feet radius from the base of the tower exempting properties currently owned by N.W. Electric Power Cooperative, Inc. and AMOCO Oil Company.

On June 30, 1995, the appellants filed a petition for a writ of certiorari with the Circuit Court. A hearing on the matter was held on December 21, 1995. On March 11, 1996, the trial court affirmed the decision of the County Commission.

## STANDARD OF REVIEW

■ This case involves a grant of a conditional use permit by the County Commission to the Cooperative. "Conditional or special use permits allow a land use authorized by a local legislative body and deemed conducive to the general welfare of the community, but which may be incompatible with the basic uses in the particular location in relation to surrounding properties, unless certain conditions are met." *State ex rel. Columbia Tower, Inc. v. Boone County,* 829 S.W.2d 534, 538 (Mo.App.1992).

■ In the instant case, we review the action of the County Commission in granting the conditional use permit and not the judgment of the circuit court. *State ex rel. Columbus Park Community Council v. Board of Zoning Adjustment of Kansas City,* 864 S.W.2d 437, 440 (Mo.App.1993). The scope of our review demands that we determine: (1) whether the action taken by the County Commission was legal, i.e., whether it was authorized by law; and (2) whether the decision of the County Commission was supported by competent and substantial evidence upon the whole record. *Ode v. Board of Zoning Adjustment of Platte County,* 796 S.W.2d 81, 83 (Mo.App.1990). We review the evidence in the light most favorable to the County Commission's findings, giving its decision the benefit of all reasonable inferences. *Medusa Aggregates Co. v. City of Columbia,* 882 S.W.2d 223, 224 (Mo.App.1994). Unless the decision is clearly contrary to the weight of the evidence, it will not be disturbed. *Id.*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ Appellants complain that the County Commission failed to present adequate findings of fact and conclusions of law as required by § 536.090, RSMo 1994. Appellants point out that there is no discussion as to why one set of facts was chosen over another or how the law applies to the facts that were chosen. Neither of these, however, are required by § 536.090, which states, in pertinent part:

Every decision and order in a contested case shall be in writing, and, except in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order.

The conditional use permit granted by the Planning and Zoning Commission on May 3, 1995 and adopted by the County Commission on May 30, 1995, contains the following findings:

NOW ON THIS 3rd day of May, 1995, after public hearing duly noticed, the Clay

County Planning and Zoning Commission makes the following findings:

a. Platte Clay Electric Cooperative seeks a conditional use permit pursuant to applicable regulations established by Article 4 of the Clay County Zoning Regulations for a radio communications tower.

b. The proposed conditional use permit, subject to the stipulations and restrictions contained herein, at the location requested, to wit: (see legal description attached), will not substantially adversely affect the welfare or convenience of the public.

c. The proposed conditional use permit, as subject to the stipulations and restrictions herein, will not cause substantial injury to the value of other property in the neighborhood in which it is to be located.

d. The location and site of the conditional use permit, and the nature and intensity of the operation, and the site, with respect to roads giving access to it, are such that the conditional use herein will not dominate the neighborhood so as to prevent development and use of neighboring property in accordance with the applicable zoning district regulations.

e. Adequate access roads and entrance and exit drives are provided in accordance with the Clay County Zoning Regulations.

f. Applicant proposes adequate utility drainage and other necessary improvements for the conditional use permit.

 The findings and conclusions comply with § 536.090. The law does not require that there be any explanation of why one set of facts was chosen over another. One may discern from the findings and conclusions the evidence which was accepted and the evidence which was rejected by the County Commission. A detailed summary of the evidence relied upon is not required. The basic facts upon which the decision rests are enough. *Friendship Village of South County v. Public Serv. Comm'n,* 907 S.W.2d 339, 346 (Mo.App.1995). The findings should be "sufficiently specific to enable the court to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." *Missouri Veterans Home v. Bohrer,* 849 S.W.2d 77, 80 (Mo.App.1993). The findings in the instant case comply with this requirement and are adequate for the purposes of review.

**CONTESTED CASES**

 Appellants contend that the County Commission did not follow the required procedure for a contested case. Appellants claim that Commissioner Nichols improperly used evidence that was not contained in the record to make her decision. Because of this, appellants reason, her vote should not be counted. Following this chain of reasoning, appellants claim that the vote was not valid because a valid protest was filed with the County Commission that would require a two-thirds majority vote for the conditional use permit to be granted. The record does not support appellants' claims.

Appellants rely upon remarks made by Commissioner Nichols at the May 30, 1995 hearing, in which she stated, "In the beginning I might not have been as passionate for it [the tower], for just Platte/Clay Electric and nothing against you all, but as I visited with the police departments throughout the Platte and Clay area and then Mid–America Regional Council as well, speaking with Sam, being very pleased that this opportunity was going to be brought to them. But I also recognize the responsibility to meet the requirements...." The transcript reveals, however that Commissioner Nichols made her decision based upon the record before her. She did state that she "spoke with people to substantiate what was in the material presented to the Planning and Zoning, which I believe I am allowed to do." However she also remarked that she had spent hours studying the issues and had the transcripts from all the hearings and the information presented to the County Commission. As long as the record discloses the facts that are known by the Commission upon which it bases its decision, there is nothing inherently wrong with Commissioner Nichols basing her decision upon personal knowledge. *See State ex rel. C.C.G. Management Corp. v. City of Overland,* 624 S.W.2d 50, 55 (Mo.App.1981). Commissioner Nichols expressly denied that she used information that was not contained

in the record as a basis for her decision. She was specifically questioned by appellants' counsel as to whether she was presented with additional material outside of the hearing. She said no. Commissioner Nichols' vote on the matter was proper and the two-thirds majority that appellants argue was necessary for the grant of the permit was present.[1]

## THE RECORD ON APPEAL

Appellants complain that the record is not adequate for review as not all relevant portions of the Clay County Zoning Ordinance were made a part of the record. A court is not allowed to take judicial notice of a city ordinance. *State ex rel. Barnes v. Hunter,* 867 S.W.2d 282, 283 (Mo.App.1993). The absence of an ordinance that prescribes the standards for the contents of use permits is a fatal defect. *Id.* at 283–84. "[W]ithout the ordinance in evidence, there is insufficient evidence in the record to sustain the findings of the council." *Alpha Portland Cement Co. v. Missouri Dep't of Natural Resources,* 608 S.W.2d 451, 455 (Mo.App. 1980). Thus, any decision that is based upon part of a municipal ordinance that is not admitted into evidence or has been stipulated to by the parties lacks the requisite substantial evidence to support it. *Wehrle v. Cassor,* 708 S.W.2d 788, 791 n. 2 (Mo.App.1986). The *Wehrle* court points out, however, that the Missouri Supreme Court in *General Motors Corp. v. Fair Employment Practices Division,* 574 S.W.2d 394, 400 (Mo. banc 1978), refrained from a rigid application of the rule since all the parties, the agency and the circuit court had the ordinance before them and no objection was made to the failure to admit it into evidence. *Wehrle,* 708 S.W.2d at 791 n. 2.

In the instant case, the relevant portions of the ordinance are contained in the record. Certainly the court below and the parties in this action behaved as if the ordinance were a proper part of the record. In fact, affirmative representations as to the ordinance being part of the record were made by the parties, a posture curiously inconsistent with the appellants' contention on appeal. Certainly Article 4 of the ordinance is in the record. Article 5, attached to the trial brief of the appellants, was also considered by the trial court. At a hearing before the circuit court held on December 21, 1995, appellants' trial counsel stated:

> This originated as an application for a conditional use permit by the Platte–Clay Electrical Cooperative to construct a tower, radio tower in Clay County in the unincorporated portion of Clay County. And the zoning, which applies to all of the unincorporated area of Clay County, is contained in the Clay County Zoning Order. I don't believe that the complete order has been made a part of the record, and there are some cases that say in the absence of the order that the Court lacks jurisdiction to decide it. However, I think that enough of it has been attached as exhibits to the petition and to the answers. **That unless there's some argument about the authenticity of those, that the Court has the pertinent parts of the Clay County Zoning Order before it.**

Other references to the zoning ordinance were made throughout the hearing and, at the end of the hearing, the court stated that, "[i]f no one files any requests of me to supplement the record, I'll assume people are satisfied with the record that is before the court." A hearing was held on March 9, 1996 on the motion for new trial or rehearing. The subject of the completeness of the rec-

---

1. The two-thirds majority referred to by appellants is for the denial of a valid protest, which it is argued was denied when the conditional use permit was voted on and upheld. § 64.670, RSMo 1994. The protest filed by the appellants in this case, was not timely filed and hence not valid. Under the zoning regulations, appellants had fourteen days to file a protest from the approval of the permit by the Planning and Zoning Commission. Appellants' protest was filed twenty-seven days after the decision. Respondent contends, in regard to the fourteen day time limit, that although no time limit is established in the statute, § 64.640 states that, "[t]he county commission shall provide for the manner in which such regulations, restrictions and boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed within said unincorporated territory." Because no impropriety was demonstrated relating to Commissioner Nichols' vote, we do not reach the question of whether the protest was valid and the fourteen day period authorized.

ord surfaced once again. Once again counsel for appellants referred the court to Article 5 of the zoning ordinance, stating that he thought that it was made part of the record previously. The court, once again asked the parties if they were comfortable with the record. No one complained. We will not allow appellants to assert on appeal that the trial court did not have the proper record before it for review. Both Article 4 and Article 5 of the ordinance are before this court for review.

Article 4 of the Clay County Zoning Regulation establishes the minimum requirements for the issuance of conditional use permits. Article 4 is part of the record. An examination of Article 4 reveals that the minimum standards were established and that the issuance of the conditional use permit was proper.

### OTHER CONTENTIONS

■ Appellants complain that the trial court erred in affirming the decision of the County Commission in that it failed to find that the conditional use permit did not meet the requirements in an agricultural zone as the land was not platted as required when subdividing it and did not meet other requirements such as setbacks, minimum lot sizes and minimum frontage requirements. Appellants also contend that the trial court erred where it failed to find that the County Commission exceeded its authority in granting a variance exempting the property from the setback requirements. The trial court was not asked to address these issues. Appellants, however, are not allowed to present this court with questions for review that were not initially presented to the circuit court. *See Colt v. Bernard,* 279 S.W.2d 527, 531 (Mo.App.1955). Thus, nothing has been preserved for our review.

Judgment is affirmed.