STATE of Missouri, ex rel. Richard M. BARNES and Nancy J. Barnes, a/k/a Nancy J. McCullough, Relators–Respondents,

v.

Sydney HUNTER, William Jenks, III, Luther Martin, Jerry Bayless, Joseph Senne, as Constituting the Board of Adjustment of the City of Rolla, Missouri, Defendants–Appellants.

No. 18434.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 17, 1993.

Patrick L. King, Rolla, for defendants-appellants.

Roger Andrew Carnahan, Carnahan, Carnahan & Hickle, Rolla, for relators-respondents.

FLANIGAN, Presiding Judge.

On April 21, 1992, Richard Barnes and his wife, owners of an improved lot located at 1105 Duane Avenue, Rolla, Missouri, filed with the Board of Adjustment ("the Board") of that city, a request for a "Special Use Permit as specified in § 42–176 1.(f) of the Rolla City Code." The permit was requested so that the Barneses could conduct a "physician's placement service" in the residence located at 1105 Duane Avenue, which was zoned R–1.

On May 14, 1992, the Board held a hearing on the Barneses' application. The Barneses, their attorney, and several property owners who lived near 1105 Duane attended the hearing. Unsworn statements [1] were made by the Barneses' attorney and Mr. and Mrs. Barnes. Unsworn statements were also made by several of the neighbors in opposition to the application. At the conclusion of the hearing, the Board denied the Barneses' application for a special use permit.

Following the denial, the Barneses filed a three-count petition in the Circuit Court of Phelps County. Count I was entitled "Petition for Writ of Certiorari," Count II was entitled "Petition for Judicial Review," and Count III was entitled "Temporary Restraining Order and Preliminary Injunction." [2] Named as respondents in the petition were "Sydney Hunter, William Jenks, III, Luther Martin, Jerry Bayless [and] Joseph Senne, as constituting the Board of Adjustment of the City of Rolla, Missouri."

On August 10, 1992, the circuit court entered a judgment which found the issues in favor of the Barneses and against the respondents, reversed the decision of the Board, and granted "Petitioners' Application for a Special Exception to the Rolla City Zoning Ordinance under § 42–176 1.(f)." The appeal to this court is by the respondents in the circuit court proceeding.

The brief of appellants refers to various ordinances of the city, including § 42–159, § 42–160, § 42–166, § 42–176 and § 42–176(1)(f)(1)–(5). The brief of the Barneses, as respondents in this court, refers to "The Rolla Special Use Ordinance."

■ This court reviews the ruling of the Board of Adjustment, not that of the circuit court. *Zwick v. Bd. of Adj. of Ladue,* 857 S.W.2d 325, 327[5] (Mo.App.1993); *Drury Displays, Inc. v. Board of Adjustment of the City of St. Louis,* 832 S.W.2d 330, 331[1] (Mo.App.1992); *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520, 526 (Mo.App.1990). The standard of review is whether the Board's action is supported by competent and substantial evidence upon the whole record. *Zwick,* at 327[6]; *State ex rel. Rhodes v. City of Springfield,* 672 S.W.2d 349, 355 (Mo.App.1984).

■ No ordinance was introduced into evidence in the proceeding before the Board. This flaw is fatal and invalidates the decision of the Board and the judgment of the circuit court. *Consumer Contact Co. v. State, Dept. of Rev.,* 592 S.W.2d 782, 785[3] (Mo.banc 1980); *Comfort v. County Council,* 822 S.W.2d 460, 461–462[1] (Mo.App.1991); *Alpha Portland v. Mo. Dept. of Nat. Resources,* 608 S.W.2d 451, 454 (Mo.App.1980).

■ A court may not take judicial notice of the existence or contents of a city ordinance. *Consumer Contact Co.,* at 785[4]; *Alpha Portland,* at 454[5]. When an ordinance prescribes the standards for the con-

1. The disposition of this appeal is not based on the fact that the statements were unsworn. See *Alpha Portland v. Mo. Dept. of Nat. Resources,* 608 S.W.2d 451, 454 (Mo.App.1980).

2. All references to statutes are to RSMo 1986, V.A.M.S.

Section 89.110 contains the procedure for judicial review of a decision of a board of adjustment. For a discussion of the interplay between § 89.110 and § 536.100 through § 536.140 of Chapter 536 RSMo, dealing with administrative procedure and review, see *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520, 524–525 (Mo.App.1990), where they are said to be "functionally equivalent." The court also said, at 522, that "in a statutory proceeding for judicial review of a final administrative decision, pleadings for declaratory judgment and injunction are anomalous—and a judgment entered upon them [is] *coram non judice* and void."

tents of·a use permit, the ordinance must be entered in the record and its absence is a fatal defect. *Comfort*, at 461[1]. Neither this court nor the circuit court has the power to remand this cause to the Board for the purpose of receiving the ordinance into evidence. *Consumer Contact Co.*, at 787[7]; *Zwick v. Bd. of Adj. of Ladue*, 857 S.W.2d at 327[2]; *Comfort*, at 462[2]; *Alpha Portland*, at 455. At the proceeding before the Board, the burden was on the Barneses to introduce the ordinance or ordinances. *Zwick*, at 327; *Drury Displays, Inc.*, 832 S.W.2d at 331[3].

This court's reversals of the circuit court's judgment and the Board's ruling are without prejudice to the right of the Barneses to file further application for a special use permit. *Comfort*, at 463; *Alpha Portland*, at 455.

The Board's ruling of May 14, 1992, and the judgment of the circuit court are reversed.

CROW and GARRISON, JJ., concur.