Roy LUSSOW and Ruth Lussow, Plaintiffs/Appellants/Cross–Respondents,

v.

COUNTY COMMISSION OF FRANKLIN COUNTY, Defendant/Respondent,

and

Ed's Engineering & Drilling Co., Defendant/Respondent/Cross–Appellant.

Nos. 65313, 65378.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 6, 1994.

Robert F. Garza, Union, for appellants.

Richard A. Wunderlich, Jeana D. McFerron, J. Daniel Patterson, Lewis, Rice & Fingersh, Clayton, for respondent.

AHRENS, Presiding Judge.

Plaintiffs Roy Lussow and Ruth Lussow appeal from the grant of a conditional use permit (CUP) to Ed's Engineering & Drilling Company (Ed's Engineering) by the Franklin County Commission (Commission). The Lussows appeal the grant of the CUP and Ed's Engineering cross-appeals the judgment of the trial court reversing the Commission's decision without prejudice. We reverse the Commission's decision without prejudice to Ed's Engineering's right to refile.

On January 29, 1990, Ed's Engineering applied for a CUP to expand the storage capacity of explosives at its Whiskey Creek facility under Section 5.5 of the Zoning Order of Franklin County for "uses lawfully existing on the effective date of the Order." Prior to its application for the CUP, a Zoning Enforcement Officer made a determination that Ed's Engineering had a valid non-conforming, pre-existing use. The standards for granting a CUP are set out in Section 9.3 of the Zoning Order of the county.

On February 29, 1990, public hearings before the Commission were noticed and held to consider Ed's Engineering's application.

Eric E. Rau of Ed's Engineering testified regarding the impact of the CUP on public health, safety, and general welfare in the area. The Commission also heard testimony from concerned citizens regarding the safety of expanding storage of explosives in the area, traffic concerns, and the effect on property values.

Based on a Review Committee's recommendation, the Commission granted the CUP in a unanimous vote by an order dated April 12, 1990, which included its findings and conditions. The Lussows filed an unverified Petition for Certiorari or, in the Alternative, a Petition for Judicial Review in the Franklin County Circuit Court.[1] Ed's Engineering's motion to dismiss the petition for failure to have it verified was denied and the Lussows were granted leave to file an amended verified petition. In reversing the decision of the Commission, the trial court found that the record of the Commission "does not contain in any way the ordinance or ordinances related to the granting of conditional use permits." The court's decision relied on *Comfort v. County Council of St. Louis County*, 822 S.W.2d 460 (Mo.App.1991) for the proposition that the failure to include the applicable zoning ordinance in the record requires a finding that there is no substantial and competent evidence to support the Commission's decision. The trial court reversed the granting of the CUP by the Commission "without prejudice to the right of the applicant to file a new application."

As this court observed in *Comfort*, "when a municipal ordinance prescribes standards for the issuance of a CUP, the ordinance must be entered into the record." *Comfort*, 822 S.W.2d at 461. "[A]bsence of this ordinance from the record ... is [a] fatal defect in the proceedings before the agency." *Id.*, quoting *Alpha Portland Cement Co. v. Missouri Dept. of Nat'l Resources*, 608 S.W.2d 451, 454 (Mo.App.1980). "Without the ordinance before us, we have no standards for determining whether the [Commission's] decision was based on competent and

---

1. The trial court dismissed Count II for judicial review, and the Lussows have not appealed the dismissal.

substantial evidence, since we do not know what was required in order to justify the issuance of the permit." *Comfort*, 822 S.W.2d at 461–62, quoting *Alpha Portland*, 608 S.W.2d at 454. In addition, a court may not take judicial notice of the existence or contents of an ordinance. *Alpha Portland*, 608 S.W.2d at 454.

 Franklin County Zoning Order 9.3, outlining the standards for granting a CUP, was not introduced into evidence in the proceeding before the Commission. Ed's Engineering concedes in its brief that "the record does not identify that the actual ordinance was introduced into the record." Ed's Engineering contends that a letter sent by the Lussows, which is in the record, specifically quotes Section 9.3. However, while this letter does quote the section, the letter does not identify Section 9.3 as the source of the information. In addition, Ed's Engineering claims the ordinance is in the record because the Lussows included it in their petition filed in the circuit court. While it is in the petition, the ordinance is not in the record from the proceedings before the Commission and such a defect is fatal. *Comfort*, 822 S.W.2d at 461. At the proceeding before the Commission, the burden was on Ed's Engineering to introduce the ordinance. *State ex rel. Barnes v. Hunter*, 867 S.W.2d 282, 284 (Mo. App.1993).

We reverse the Commission's grant of the CUP to Ed's Engineering and affirm the trial court's reversal of the Commission's decision. Our reversal of the grant of the CUP is without prejudice to the right of Ed's Engineering to file a further application for a CUP.

SIMON and KAROHL, JJ., concur.