**PLATTE WOODS UNITED METHODIST CHURCH, Appellant,**

v.

**CITY OF PLATTE WOODS, Respondent.**

No. WD 52293.

Missouri Court of Appeals,
Western District.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 24, 1996.

Application to Transfer Denied
Jan. 21, 1997.

Mark A. Hubbard, Platte City, for appellant.

Don Witt, Witt and Hicklin, P.C., Platte City, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, C.J., and SMART, JJ.

ULRICH, Chief Judge.

Platte Woods United Methodist Church appeals from an order of the trial court upholding the final decision of the Platte Woods Board of Aldermen to deny its application for a conditional use permit to use its parsonage property for overflow parking. The Church claims that the trial court erred in: 1) finding that Platte Woods' ordinances 400.200 and 400.210 do not exceed the authority delegated by statute; 2) finding that the additional parking spaces involve use of property for religious purpose other than that of a church; 3) upholding the decision of the Board of Aldermen denying the conditional use permit because the decision was arbitrary and capricious; 4) upholding the decision of the Board of Aldermen because there was no substantial and competent evidence to support that decision; and 5) ruling on both Counts I and II because it cannot issue an order exercising general plenary jurisdiction in Count I for declaratory judgment and limited statutory jurisdiction in Count II in the same case.

The judgment affirming the Board of Aldermen's decision to deny the conditional use permit is reversed, and the pleadings for declaratory judgment are dismissed.

The Platte Woods United Methodist Church (the Church) desired to create an overflow parking area on land that adjoins its current parking lot. The Church owns property abutting Northwest Prairie View Road, which the Church occupies, and it also owns property adjoining the Prairie View property that fronts on Maple Lane, all within the city limits of Platte Woods. The parsonage is located on this property. The Church sought to convert the "backyard" property into a temporary "grass paved" parking lot.

The Church filed application with the City of Platte Woods (City) to use the lot as a temporary parking area. The Planning Commission solicited letters from residents, and on April 11, 1994, recommended the denial of the Church's application to the Board of Aldermen.

The Board of Aldermen conducted a public hearing on the application. The Church's engineer described the overflow parking area as "green paved." The property would have the appearance of a lawn and would retain the existing perimeter trees and landscape. The parking area was to provide an addition-

al fifty off-street parking spaces. The Church currently has 340 parking spaces, and on Sunday mornings a shuttle service transports members of the congregation to and from a local community lot. A real estate broker also testified for the Church that the proposed use of the property as a parking area would not negatively affect the value of nearby property if proper landscape screening were maintained. Both of the Church's witnesses were members of the Church. The Board of Aldermen also reviewed the recommendation of the Planning and Zoning Commission and the letters and comments made by residents. The Board of Aldermen denied the application.

The Church then sought a declaratory judgment as to the power of the fourth class City to zone a church's use of its property as a conditional use and, in the same petition, requested review of the City's decision under section 536.100 to 536.140, RSMo 1994 [1]. The trial court denied the Church's count for declaration of the invalidity of the city ordinances and determined that the decision of the Board of Aldermen was supported by substantial evidence and was neither arbitrary, capricious, unreasonable, or an abuse of discretion. This appeal followed.

### I. Jurisdiction

■ The Church asserts on appeal that the trial court erred in ruling on both Count I and Count II because the trial court cannot issue an order exercising its general plenary jurisdiction and its limited statutory jurisdiction in the same case. Count I of the petition sought declaratory judgment as to the validity of the ordinance, and Count II petitioned judicial review of the Board of Aldermen's decision to deny the conditional use permit.

■ The exercise of both limited statutory jurisdiction and general plenary jurisdiction by the trial court in the same proceeding results in a legal nullity. *State ex rel. Drury*

*Displays v. City of Columbia*, 907 S.W.2d 252, 254 (Mo.App.1995). In a statutory proceeding for judicial review, judgment entered upon pleadings for declaratory judgment are void. *Deffenbaugh Industries, Inc. v. Potts*, 802 S.W.2d 520, 522 (Mo.App.1990). The rationale for this rule is that judicial review of an administrative proceeding at the circuit court level includes the ability to resolve constitutional questions, including the challenge to the constitutionality of a city ordinance. *Hart v. Board of Adjustment of Marshall*, 616 S.W.2d 111, 116 (Mo.App. 1981). All of the relief sought by the Church, therefore, was available under statute. *Id.* at 117. The pleadings for declaratory judgment should have been dismissed. *Deffenbaugh*, 802 S.W.2d at 522. The only items remaining for consideration, therefore, are those points that relate to the review of the administrative decision of the Board of Aldermen denying the Church's application for conditional use.

### II. Judicial Review of a Zoning and Planning Decision

■ The Church sought judicial review of the Board of Aldermen's decision under the Administrative Procedures Act, section 536.100 to 536.140. Review of this case, however, was appropriate under section 89.110 [2]. Section 89.110 affords judicial review of zoning and planning decisions by municipal agencies. § 89.110. The proper redress for a person aggrieved by a zoning and planning decision is by petition for writ of certiorari under section 89.110, not by petition for review under section 536.110. *Deffenbaugh*, 802 S.W.2d at 524. Zoning cases, therefore, should be filed under their special statute, section 89.110. *Id.* at 525.

■ Seeking judicial review of a decision by a municipal agency regarding zoning and planning under sections 536.100 to 536.140, however, is not fatal to the petitioner's right of review. In *Deffenbaugh Industries, Inc.*

1. All statutory citations are to RSMo 1994 unless otherwise specified.

2. Section 536.100 to 536.140 provides for judicial review of a final administrative decision in a contested case "unless some other provision for

judicial review is provided by statute." § 536.100. Section 89.110 appears to be the "other provision for judicial review" contemplated in section 536.100. *Lorenz v. City of Florissant*, 747 S.W.2d 222, 224 (Mo.App.1988).

*v. Potts,* 802 S.W.2d 520, 524 (Mo.App.1990), this court reviewed the final decision of the city council of Independence to deny the application of Deffenbaugh Industries for a special use permit to operate a sanitary landfill within its bounds under section 89.110 although Deffenbaugh invoked the procedures of sections 536.100 to 536.140 for judicial review of the city council's decision. *Id.* at 526. The court noted that many zoning type cases involving special use permits, conditional use permits, and building permits have been reviewed under Chapter 536 and explained that because sections 89.110 and 536.100 to 536.140 are functionally equivalent procedures for the judicial review of quasi-judicial decisions of municipal zoning agencies, the misnamed pleading did not deprive the trial court of jurisdiction. *Id.* at 525.

■ Likewise, in this case, the Church is not denied review of the Board of Aldermen's decision denying its application for the conditional use permit because it sought redress by a petition for review under sections 536.100 to 536.140 and not by a writ of certiorari under section 89.110. The petition here ultimately served the purpose of a writ of certiorari, to provide the reviewing trial court with all of the information used by the Board of Aldermen in making its decision. Although the Board of Aldermen did not make written findings of fact and conclusions of law [3], the record included the Church's letter of application for the conditional use permit, the minutes of the April 11, 1994 meeting of the Planning and Zoning Commission, the recommendation of denial made by the Planning and Zoning Commission to the Board of Aldermen, numerous letters from city residents regarding the proposed lot, and the transcript of the April 13, 1994 Board of Aldermen meeting. The trial court, therefore, had jurisdiction to review the Board of Aldermen's decision, and this court will treat the pleading brought by the Church as one for remedy under section 89.110.[4]

### III. Standard of Review

■ On review of a denial of a conditional use permit by a municipal agency, an appellate court reviews the ruling of the municipal agency, not that of the circuit court. *State ex rel. Barnes v. Hunter,* 867 S.W.2d 282, 283 (Mo.App.1993). The standard of review is whether the agency's action is supported by competent and substantial evidence upon the record. *Id.* In determining whether the administrative action is supported by substantial and competent evidence upon the whole record, an appellate court may consider only the record that was before the administrative body. *Consumer Contact Co. v. State of Missouri, Department of Revenue,* 592 S.W.2d 782, 785 (Mo. banc 1980).

■ When a municipal ordinance prescribes standards for the issuance of a condi-

---

3. Chapter 89 does not require a municipal agency to make written findings of fact and conclusions of law. *Karelitz v. Soraghan,* 851 S.W.2d 85, 88 (Mo.App.1993). Chapter 89.080 does require the agency to "keep minutes of its proceedings, showing the vote of each member upon question." § 89.080.

4. It should be noted that after the Board of Aldermen denied the Church's application for the conditional use permit, a public hearing before the Board of Zoning Adjustment was held at the Church's request. The Board of Zoning Adjustment also denied the Church's application by a vote of 4 to 1. In Count III of the Church's petition, the Church sought a writ of certiorari under section 89.110 claiming that the decision of the Board of Zoning Adjustment was illegal for the same reasons as stated in Counts I and II. Thereafter, the Church filed a motion to dismiss Count III for lack of subject matter jurisdiction. The trial court sustained the motion finding that the ordinances of the City of Platte Woods do not authorize the Board of Zoning Adjustment to review the decision of the Board of Aldermen.

The trial court correctly determined that the Board of Zoning Adjustment had no jurisdiction to review the decision of the Board of Aldermen. Section 89.100 provides for an appeal to the board of adjustment by any person aggrieved by any decision of an administrative officer. § 89.100. Although a municipal agency acts administratively when deciding whether to issue a special use or conditional use permit, a municipal agency is not an administrative officer as contemplated in section 89.100. *State ex rel. Presbyterian Church v. City of Washington,* 911 S.W.2d 697, 700 (Mo.App.1995). The appropriate procedure of review of the Board of Aldermen's decision in this case was judicial review by the circuit court. *Id.* This court, therefore, reviews the decision of the Board of Aldermen, not that of the Board of Zoning Adjustment.

tional use permit, as in this case, the ordinance must be entered into the record. *Lussow v. County Comm'n*, 887 S.W.2d 815, 816 (Mo.App.1994). Absence of the ordinance from the record is fatal and invalidates the decision of the administrative body and the judgment of the trial court. *Id.* Without the ordinance in evidence, there is insufficient evidence in the record to determine whether the decision was based on competent and substantial evidence. *Id.* at 816–817. A court may not take judicial notice of the existence or contents of an ordinance. *Id.* at 817.

In this case, Platte Woods' ordinances 400.200 and 400.210 outlining conditional use regulations were not introduced into evidence in the proceeding before the Board of Aldermen. While sections of the ordinance were discussed at the meeting and in letters from Platte Woods residents, the actual ordinances were never specifically entered into the record before the Board of Aldermen. Similarly, although the ordinance was included in the Church's petition filed in the circuit court and in their brief before this court, failure to introduce the ordinance in the proceeding before the Board of Aldermen is fatal. *See Lussow*, 887 S.W.2d at 817. Without the ordinances in the record before this court, no standards exist for determining whether the Board of Aldermen's decision was based on competent and substantial evidence. The decision of the Board of Aldermen and the judgment of the circuit court are, therefore, invalidated.

The judgment affirming the Board of Aldermen's decision to deny the conditional use permit is reversed without prejudice to the Church's right to file a further application for a conditional use permit, and the pleadings for declaratory judgment are dismissed.

All concur.