GANNETT OUTDOOR COMPANY OF KANSAS CITY, Appellant,

v.

BOARD OF ZONING ADJUSTMENT OF JACKSON COUNTY, Missouri, Respondent.

No. WD 53115.

Missouri Court of Appeals, Western District.

Submitted Feb. 11, 1996.

Decided April 22, 1997.

---

Sherwin L. Epstein, Kansas City, for appellant.

Ronald L. Jurgeson, Asst. County Counselor, Jackson County, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SMART and EDWIN H. SMITH, JJ.

SMART, Judge.

Gannett Outdoor Company of Kansas City ("Gannett") appeals from a decision of the Board of Zoning Adjustment ("BZA") denying an application for a special use permit to continue placement of an outdoor advertising sign on the north side of U.S. 40 Highway at Burris Road. Reversed.

Gannett sought a special use permit to continue placement of a 300 square foot outdoor advertising sign on the north side of westbound U.S. 40 Highway at Burris Road. The sign was located on property in Jackson County owned by Delbert and Reba Williams, described as:

> North side of West bound Highway 40 at Burris Road in part of Section 35, Township 49, Range 31, Beginning 30 feet North of Southwest corner of Southwest Southeast of Section 35, Thence North 630 feet, East 660 feet Thence South 630 feet Thence West 660 feet.

The sign had been in the same location for over 20 years. The last special use permit that Gannett was granted in connection with this particular sign was in 1991 for a period of three years. On September 2, 1994, Gannett filed an application to renew the 1991 permit. In November, 1992, the BZA adopted "A Policy Governing Off-premise Signs and Billboards" ("Policy"). The purpose of the Policy was to provide uniform standards and conditions for use in the BZA's consideration of sign applications. The adoption of the Policy occurred after the grant of the special use permit to Gannett in 1991 and before Gannett's application to renew the permit in 1994.

A public hearing was held on October 20, 1994 before the Plan Commission. The Plan Commission did not recommend approval of the application, noting several deviations from the Policy. The Plan Commission's report lists three inconsistencies: (1) that the sign is located within 400 feet of a residential structure and within 350 feet of property zoned as multi-family (the Policy required a distance of 600 feet); (2) that the area of the sign was 300 feet, deviating from the Policy's requirement that sign area be 100 feet; and

(3) that the sign did not comply with setback requirements of the Agricultural District.

A public hearing before the BZA was held on January 4, 1995. Special use permits for three outdoor advertising signs were considered at the hearing. Testimony and evidence was presented by Gannett. No one testified in opposition. Gannett contended that nothing had changed in regard to the sign in question since the last time a special use permit was granted. The BZA drew attention to the fact that the Policy had been adopted after that permit was granted. Neither the Policy nor the relevant county ordinances were introduced into evidence. Gannett stated that it wished to point out how the sign complied with the Policy "without reading each and every provision" of the sign Policy. It stated that it was in compliance with the provision that outdoor signs be in certain zoning districts, that the sign did not obstruct traffic signals, was not lighted, did not have mechanical or moving parts and was maintained in good repair. The sign's possible deviation from the Policy was also discussed as was its deviation from agricultural setback requirements. The BZA voted to deny the permit. In its Findings of Fact and Conclusions of Law, the BZA found:

> [T]hat issuance of the Special Use Permit is unreasonable and not proper, will seriously injure the appropriate use of neighboring property, and does not conform to and is not within the scope, general intent nor purpose of the Zoning Order of Jackson County, Missouri specifically, the "Policy Governing Off-premise Signs and Billboards".

The BZA specifically noted the following inconsistencies with its policy:

i) The sign is located within 400 feet of a structure used for residential purposes to the east and within 350 feet of property (Blue Springs Corporate Limits) zoned and developed as multi-family residential to the west. The policy states a distance of 660 feet is required.

ii) The area of the sign is 300 square feet; the policy provides the maximum gross area for a sign is 100 square feet.

iii) The sign does not comply with the setback regulations of the Agricultural District, 50 foot frontyard setback and 25 feet sideyard. The BZA would need to grant a variance of 5 feet for the sideyard and 25 feet for the front yard.

Gannett sought judicial review in the circuit court. Its first amended petition was filed on March 10, 1995. On April 25, 1996, the circuit court entered an order requiring an addition to the record "of the ordinances necessary to substantiate action by the Board of Zoning Adjustment." Gannett filed a motion to file a subsequent addition to the record, two chapters from the Jackson County Code, Chapter 81 (the Plan Commission) and Chapter 82 (the BZA). The circuit court sustained the motion and added the two chapters to the record on judicial review.

The trial court denied Gannett's petition for judicial review and affirmed the BZA's denial of the special use permit. It found that the BZA had the authority to adopt additional regulations that would control its review of special use permit applications for billboards. It further found that the BZA's decision was supported by competent and substantial evidence upon the whole record. In the same order, the circuit court denied the BZA's request that the court reconsider its supplementation of the record. The circuit court found that it had the authority to supplement the record pursuant to § 536.130, RSMo 1994.[1] Gannett appeals.

■ The BZA argues that we should dismiss this appeal because Gannett has failed to develop a proper record that would allow this court to review the BZA's decision on the special use permit. Gannett argues that since it sought review pursuant to Chapter 536, the Administrative Procedures Act, the trial court properly supplemented the record and consequently, this court has before it the ordinances necessary for review.

Review of this case, however, is governed by § 64.120.3 the section affording judicial review of zoning and planning decisions by municipal agencies. This court recently addressed a similar issue in *Platte Woods United Methodist Church v. City of Platte Woods,*

---

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

935 S.W.2d 735 (Mo.App.1996). In *Platte Woods,* Platte Woods United Methodist Church sought judicial review of a decision of the Board of Aldermen denying a conditional use permit to use parsonage property for overflow parking. We held:

> The Church sought judicial review of the Board of Aldermen's decision under the Administrative Procedures Act, section 536.100 to 536.140. Review of this case, however, was appropriate under section 89.110. Section 89.110 affords judicial review of zoning and planning decisions by municipal agencies. The proper redress for a person aggrieved by a zoning and planning decision is by petition for writ of certiorari under section 89.110, not by petition for review under section 536.110. Zoning cases, therefore, should be filed under their special statute, section 89.110.

*Id.* at 737. (Footnote omitted) (Citations omitted).

■ Although the cause was filed under Chapter 536, we are not without jurisdiction *to review the matter and we treat the plead-ing as if brought under § 64.120.3. Id.* at 738. In our review, we consider only the record that was before the BZA. *Id.* That record is not sufficiently developed for meaningful review as it does not contain a copy of the ordinances pertinent to the BZA's decision.

> When a municipal ordinance prescribes standards for the issuance of a conditional use permit, as in this case, the ordinance must be entered into the record. *Lussow v. County Comm'n,* 887 S.W.2d 815, 816 (Mo.App.1994). Absence of the ordinance from the record is fatal and invalidates the decision of the administrative body and the judgment of the trial court. *Id.* Without the ordinance in evidence, there is insufficient evidence in the record to determine whether the decision was based on competent and substantial evidence. *Id.* at 816–817. A court may not take judicial notice of the existence or contents of an ordinance. *Id.* at 817.

*Platte Woods,* 935 S.W.2d at 738–39.

■ It was necessary for some party to introduce the ordinances in question. *Lussow v. County Comm'n,* 887 S.W.2d 815, 817 (Mo.App.1994); *State ex rel. Barnes v. Hunt-*

*er,* 867 S.W.2d 282, 283–84 (Mo.App.1993). The failure of the parties to do so is fatal to this appeal. That the ordinances were generally discussed at the hearing is not enough. *See Platte Woods,* 935 S.W.2d at 739. Nor can we rely upon the fact that the ordinances were introduced in the circuit court. *Lussow,* 887 S.W.2d at 817. Unfortunately, we do not have the power to remand the case for the purpose of receiving the relevant ordinances into evidence. *Barnes,* 867 S.W.2d at 284. Consequently, the decision of the circuit court and the decision of the BZA are both hereby declared invalid.

■ There is also authority indicating that even if the review had been proper under Chapter 536, the trial court's supplementation of the record still would not have been proper. Section 536.130.4, provides, in pertinent part that, "The court may require or permit subsequent corrections of or additions to the record." It has been held that this section provides no justification for supplementing the record with an ordinance not properly placed in evidence in the BZA hearing. *Tonkin v. Jackson County Merit Sys. Comm'n,* 599 S.W.2d 25, 30 (Mo.App.1980). In *Tonkin,* the appellant, Mr. Tonkin, appealed a decision of the Jackson County Merit System Commission upholding the termination of his employment. Certified copies of several ordinances and an affidavit concerning the scheduling of the hearing were offered into evidence in the circuit court pursuant to a motion by the Commission to correct or add to the record. *Id.* at 29. In examining the issue of the augmentation of the record pursuant to the § 536.130.4 directive that the court may require or permit supplementation of the record, this court explained, "Taken in context, this wording seems to provide for the addition or correction of the record by additional items from the record below which the parties may have failed to provide in the initial materials furnished to the court." *Id.* at 30. This language suggests that the court believed that § 536.130.4 does not permit the record on review to be supplemented by items that were not in the record of the administrative proceedings. The record may be supplemented, however, by those items which were

a part of the previous proceedings but were not made a part of the record for judicial review.

The *Tonkin* court relied upon *State ex rel. Horn v. Randall*, 275 S.W.2d 758 (Mo.App. 1955) in its interpretation of § 536.130.4, reasoning that because decisions of administrative tribunals are not subject to *de novo* review, additional evidence would serve no purpose. *Tonkin*, 599 S.W.2d at 30. Section 536.140 defines for the circuit court and appellate courts the proper scope of review in contested cases. To interpret § 536.130.4 broadly may invite a conflict with the carefully crafted procedures for judicial review.

### Conclusion

Without the relevant ordinances in the record, no standards exist for review of the BZA's decision. The decision of the BZA and the judgment of the circuit court are hereby declared invalid. *See Platte Woods*, 935 S.W.2d at 739. The BZA's ruling and the judgment of the circuit court are reversed. The case is remanded to the BZA for further proceedings on the application of Gannett.

BRECKENRIDGE, P.J., and EDWIN H. SMITH, J., concur.