**Ralph NIGH and Marilyn Nigh, Respondents,**

v.

**CITY OF SAVANNAH, MISSOURI, Appellant.**

**No. WD 53791.**

Missouri Court of Appeals,
Western District.

Dec. 9, 1997.

Ronald R. Holliday, Thomas, Burns & Holliday, St. Joseph, for appellant.

George "Scott" Murray, St. Joseph, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, C.J., and ELLIS, J.

ELLIS, Judge.

On November 14, 1983, Ralph and Marilyn Nigh applied to the City of Savannah for a conditional use permit to operate a daycare facility for nine or less children at 108 S. 9th Street. A hearing on the application was held before the Savannah Planning and Zoning Commission (the Zoning Commission) on October 19, 1983. Despite some opposition from surrounding neighbors, the Zoning Commission granted the Nighs the requested permit on November 16, 1983, subject to the following restrictions: (1) child occupancy limited to nine or less children, (2) operating hours limited to 6:00 a.m. to 6:00 p.m., and (3) completion of certain site improvements.

During 1995, the City received several complaints regarding the number of children being cared for at the Nighs' daycare facility. Based on these complaints, the Missouri Department of Social Services conducted an independent inspection of the daycare facility. At least four violations of the child occupancy limit restriction were noted by the Department.

On August 11, 1995, the Nighs were notified that the Zoning Commission was going to discuss whether any action should be taken regarding their violations of the permit at a public hearing on August 24, 1995. Follow-

ing the hearing, the Zoning Commission voted to recommend to the Board of Aldermen of the City of Savannah (the Board) that it revoke the Nighs' permit for the daycare facility. The City notified the Nighs of the Zoning Commission's recommendation and advised them of their right to appeal to the Board at a hearing scheduled for September 11, 1995. At the request of the Nighs' attorney, the matter was continued to October 2, 1995. On that date, the Board conducted a full hearing, during which the recommendation of the Zoning Commission was reviewed *de novo.* After hearing evidence from both parties, the Board voted to accept the Zoning Commission's recommendation to revoke the Nighs' permit and gave them sixty days to close the daycare facility.

■ Thereafter, on October 31, 1995, the Nighs filed a petition in the Circuit Court of Andrew County seeking judicial review of the Board's decision under § 536.100.[1] The matter was argued before the circuit court on November 26, 1996. On December 19, 1996, the court reversed the Board's decision without prejudice, finding that the record was insufficient for it to determine whether the Board's decision was supported by substantial and competent evidence. Specifically, the court stated:

> Although parts of certain ordinances were included in letters presented as evidence before the Board of Aldermen and made part of the record, they are insufficient to establish authority in the Board of Aldermen to reconsider a final decision made several years earlier by the Zoning Commission. Also lacking in the record were the ordinances which set the standard for the Board of Aldermen in deciding whether or not the [Nighs] should be permitted the conditional use of their premises.

This failure to include the ordinances in the record in the hearing before the Board of Aldermen and for review by this court, in and of itself, requires invalidation of the decision reached because no authority is established for the Board's action and no standards are given for determining whether the Board of Aldermen's decision was based on competent and substantial evidence.

On appeal, the City acknowledges that the relevant municipal ordinances were not entered into the record. It, nonetheless, argues that: (1) since these ordinances provide for the approval of a conditional use permit upon acceptance and observance of specified conditions, they imply that the permit may be withdrawn; and (2) the City has the inherent power to revoke a conditional use permit if the permittee fails to comply with the terms or conditions of the permit.[2]

■ We review the ruling of the municipal agency, not that of the circuit court. *Platte Woods United Methodist Church v. City of Platte Woods,* 935 S.W.2d 735, 738 (Mo.App. W.D.1996). Our review is limited to a determination of whether the agency's action is supported by competent and substantial evidence upon the whole record. *Id.* In so determining, we may consider only the record that was before the administrative body. *Id.* We do not substitute our own judgment on the evidence for that of the administrative agency. *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317, 319 (Mo.App. E.D.1978).

■ In the instant case, the City, as movant, had the burden to prove a basis for the revocation of the permit. *Id.* at 320. The ordinances relevant to conditional use permits, and their revocation, were part of that proof. *Id.; Comfort v. County Council of St. Louis County,* 822 S.W.2d 460, 461–62

1. The Nighs' petition originally contained five counts. However, at the time of trial, they elected to proceed solely on their count requesting judicial review of the decision. "The proper redress for a person aggrieved by a zoning and planning decision is by petition for writ of certiorari under section 89.110, not by petition for review under section 536.110." *Platte Woods United Methodist Church v. City of Platte Woods,* 935 S.W.2d 735, 737 (Mo.App.W.D. 1996). However, this error is not fatal to petitioner's right of review. *Id.* Because §§ 536.100 to 536.140 and § 89.110 are functionally equivalent procedures for the judicial review of quasi-judicial decisions of municipal zoning agencies, the error did not deprive the trial court of jurisdiction. *Id.* at 738.

2. The City provides this Court with no authority or argument in support of this latter contention.

(Mo.App. E.D.1991).[3] When municipal ordinances prescribe standards for the issuance or, concomitantly, procedures for revocation of, a conditional use permit, the ordinances must be entered into the record. *Lussow v. County Comm'n of Franklin County,* 887 S.W.2d 815, 816 (Mo.App. E.D.1994). Without the ordinances, neither the trial court nor this court has standards for determining whether the Board's decision was based on competent and substantial evidence, because there would be no way to know what was required to justify the action. *Id.* at 816–17. As such, it was necessary for the City to introduce these ordinances into evidence before the Board. *Gannett Outdoor Co. of Kansas City v. Board of Zoning Adjustment of Jackson County,* 943 S.W.2d 359, 362 (Mo. App. W.D.1997). "Neither trial nor appellate courts will take judicial notice of municipal ordinances and ... [they] may be recognized by the Court only if admitted into evidence or stipulated to by the parties." *Queen of Diamonds, Inc.,* 569 S.W.2d at 319. Absence of the applicable ordinances from the record is fatal and invalidates the decision of the Board. *Id.*[4]

■ No ordinances were introduced into evidence in the proceeding before the Board.[5] Without the applicable ordinances in the record, we are incapable of determining whether the Board's decision was based on substantial and competent evidence, as we have no way of knowing what evidence was required to justify the revocation of the Nighs' permit. *Lussow,* 887 S.W.2d at 816–17 (quoting *Comfort v. County Council of St. Louis County,* 822 S.W.2d at 461–62).

3. "An administrative agency possesses only those powers conferred upon it by the legislature." *State ex rel. Laidlaw Waste Systems, Inc. v. City of Kansas City,* 858 S.W.2d 753, 754 (Mo.App. W.D. 1993). Thus, the Board's authority is limited to what the General Assembly and the city council conferred upon it by statute and ordinance. *Id.*

4. "Neither this court nor the circuit court has the power to remand this cause to the Board for the purpose of receiving the ordinance[s] into evidence." *State ex rel. Barnes v. Hunter,* 867 S.W.2d 282, 284 (Mo.App. S.D.1993).

5. In fact, the City does not even reference the ordinances upon which it relies. It does, however, include in the legal file submitted to this court

The failure to read the ordinance in evidence [does] not go to the weight of the evidence merely, but without it there was an entire failure of evidence. Without it there is nothing upon which the judgment ... can stand. It [is] the very foundation upon which the [revocation] [is] bottomed, and the only guide by which it could possibly be determined ....

*Consumer Contact Co. v. Dep't of Revenue,* 592 S.W.2d 782, 785 (Mo. banc 1980) (quoting *City of St. Louis v. Roche,* 128 Mo. 541, 31 S.W. 915, 916 (1895)). The City's failure to introduce the applicable ordinances into evidence is fatal. *Gannett,* 943 S.W.2d at 362.

Accordingly, we reverse the Board's decision to revoke the Nighs' conditional use permit, and affirm the trial court's reversal of the Board's decision.

All concur.

■

a copy of a letter from its attorney dated October 26, 1983, wherein the attorney refers to two sections of the Savannah Zoning Code. However, there is no indication in the record from the hearing before the Board that this letter was introduced during that proceeding. The City also submitted this letter to the circuit court as an attachment to its response to the Nighs' Petition for Writ for Certiorari. The fact that some of the ordinances regarding the issuance of the permit were before the circuit court is of no consequence. *Gannett,* 943 S.W.2d at 362. We review only the evidence before the Board. *Platte Woods United Methodist Church,* 935 S.W.2d at 738.