**Donna SCHNEIDER, substituted for decedent, Al Schneider, Appellant,**

v.

**HOUSING BOARD OF APPEALS OF THE CITY OF BRIDGETON, Respondent.**

No. 72365.

Missouri Court of Appeals, Eastern District, Division Four.

June 9, 1998.

Norbert Glassl, St. Louis, for appellant.

Michael R. Annis, William R. Richter, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Al Schneider[1] appeals the court's judgment affirming the decision of the Housing Board of Appeals of the City of Bridgeton (Board) denying his request for a variance. Schneider claims the court erred: (1) because the Board's decision was not supported by competent and substantial evidence in that the Board failed to make findings of fact and conclusions of law pursuant to Section 536.090, RSMo 1994; (2) because the Board's decision was not supported by competent and substantial evidence in that the ordinances upon which the decision was based were not introduced into evidence; (3) because in the absence of any written or oral basis for its decision, the Board's consideration of Schneider's disabilities essentially denied him housing because of a disability in violation of the Federal Fair Housing Act; and (4) because his continuous ownership and the use of the property as a residence by his family, constitutes a non-conforming use which the Board could not abrogate.

On appeal we review the findings and conclusions of the Board, rather than that of the circuit court. *Karelitz v. Soraghan*, 851 S.W.2d 85, 89 (Mo.App. E.D.1993). Our review is limited to whether the Board's action is authorized by law and supported by competent and substantial evidence on the whole record. *State ex rel. Dierberg v. Board of Zoning Adjustment of St. Charles County*, 869 S.W.2d 865, (Mo.App. E.D.1994).

In a letter dated August 2, 1996, the Code Enforcement Officer, City of Bridgeton, advised Schneider that pursuant to a complaint, his property located at 11972 Natural Bridge Road, had been inspected and found to be in violation of City Code Chapter 510. On October 18, 1996, Schneider wrote a letter stating his intention to comply with the code requirements, but explaining that he and his wife were disabled, with income of only Five Hundred Thirty Six Dollars ($536.00) per month. In a letter dated October 21, 1996, Schneider's wife requested a variance permit for the property which totaled 400 square feet. On November 13, 1996, a hearing was held before the Board to consider Schneider's request for a variance to allow him to occupy his residence, which is substandard in square footage. Schneider represented himself at the hearing. Near the close of the hearing, the Board voted to deny Schneider's request. Upon the Board's denial of his request for variance, Schneider obtained counsel. He petitioned the trial court for review under Section 89.110, RSMo 1994. The trial court affirmed the Board's decision. This appeal followed.

1. Al Schneider died during this appeal. His wife, Donna Schneider, was substituted by order of this Court. We, however, will use Al Schneider's name in the opinion.

We address Point Two first because it is dispositive of this appeal. In his second point, Schneider contends the court erred because the Board's decision was not supported by competent and substantial evidence in that the ordinances upon which the decision was based were not introduced into evidence.

The Board relies on *Zwick v. Board of Adjustment of City of Ladue*, 857 S.W.2d 325, 327 (Mo.App. E.D.1993) for the proposition that because Schneider sought the variance, he had the burden to enter the ordinance into evidence. However, *Zwick* is distinguishable from the case at bar. In *Zwick*, property owners complained that the trial court erred because it remanded to the Board of Adjustment for reception of the applicable ordinance. The *Zwick* court found the remand was erroneous, but not prejudicial. *Zwick* based its finding of error on the interpretation of Rule 100.07(d) (since repealed) in *Consumer Contact Co. v. State Dept. of Revenue*, 592 S.W.2d 782, 785 (Mo.1980), which allows remand for additional evidence only if the court finds either the evidence was not available or the evidence was improperly omitted.

Courts may not take judicial notice of city or county ordinances. *Consumer Contact Co. v. State Dept. of Revenue*, 592 S.W.2d at 785. The ordinance applicable to the case should have been introduced into evidence. *Id.* "The failure to read the ordinance in evidence did not go to the weight of the evidence merely, but without it there was an entire failure of evidence." *Id.* quoting *City of St. Louis v. Roche*, 128 Mo. 541, 31 S.W. 915 (1895). Absence of the ordinance from the record is a fatal defect in the proceedings. *Comfort v. County Council of St. Louis County*, 822 S.W.2d 460, 461–462 (Mo. App. E.D.1991); *Alpha Portland Cement Co. v. Missouri Dept. of Natural Resources*, 608 S.W.2d 451, 454 (Mo.App. E.D.1980); *Gannett Outdoor Co. of Kansas City v. Board of Zoning Adjustment of Jackson County*, 943 S.W.2d 359, 362 (Mo.App. W.D.1997); *State ex rel. Barnes v. Hunter*, 867 S.W.2d 282, 283–284 (Mo.App. S.D.1993). Without the ordinance before us, we have no standard for determining whether the council's decision was based on competent and substantial evidence to support its findings and judgment. *Comfort v. County Council of St. Louis County*, 822 S.W.2d at 461–462; *Alpha Portland Cement Co. v. Missouri Dept. of Natural Resources*, 608 S.W.2d at 454; *Gannett Outdoor Co. of Kansas City v. Board of Zoning Adjustment of Jackson County*, 943 S.,W.2d at 362; *State ex rel. Barnes v. Hunter*, 867 S.W.2d at 283–284. Furthermore, the board was required to provide the court with the grounds upon which its decision was made pursuant to Section 89.110, RSMo 1994. It provides the procedure by which a person aggrieved by a decision of a municipal board of adjustment may petition the circuit court for a writ of certiorari directed to the board. The board may return certified or sworn copies of the original papers acted upon. "The return [from the board] shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified."

In this case, a single paragraph of the ordinance was quoted on one page of a larger exhibit entered into evidence in an Application for Variance submitted by the Deputy Code Official. Also the ordinance was mentioned by the Deputy and Board members. However, the ordinance was not entered into evidence. Thus, the record before us does not allow us to determine whether the Board's findings and judgment are supported by competent and substantial evidence. Nor did the Board meet the requirements of Section 89.110, RSMo 1994. The trial court erred in affirming the decision of the Board.

We reverse the case at bar, but do so without prejudice to Schneider's right to file further application for a variance.

SIMON and HOFF, JJ., concur.