

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **WEATHERBY LAKE IMPROVEMENT COMPANY, INC,** | ) | |
| | ) | |
| | ) | |
| Appellant, | ) | **WD86685** |
| | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| **CITY OF WEATHERBY LAKE BOARD OF ZONING ADJUSTMENT,** | ) | **August 20, 2024** |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
**Honorable W. Ann Hansbrough, Judge**

**Before Division Two: W. Douglas Thomson, Presiding Judge,**
**Karen King Mitchell, Judge, and Janet Sutton, Judge**

Weatherby Lake Improvement Company, Inc., (WLIC) appeals from a decision by the Weatherby Lake Board of Zoning Adjustment (BZA) denying its application for a non-use variance. In three points on appeal, WLIC argues that the BZA erred by relying on an incorrect standard to evaluate WLIC's request for a non-use variance, that competent and substantial evidence does not support the BZA's decision, and that the BZA erred in denying its application because the "zoning ordinance" was not in evidence at the hearing on WLIC's application. Because the applicable Weatherby Lake municipal ordinances were not introduced into evidence at the hearing on WLIC's application for a variance, the BZA's decision and the judgment of the

circuit court are reversed without prejudice to WLIC's right to file a subsequent application for variance.

**Factual and Procedural Background**

WLIC is a Missouri non-profit corporation that owns Weatherby Lake, the land under the lake, the dam, spillway, and certain parkways. WLIC functions as the home-owners association for Weatherby Lake. Around 2017, WLIC purchased a house and lot (the property) next to the Weatherby Lake dam, located at 10208 NW 73rd Terrace, Weatherby Lake, Missouri. The house was one of the first buildings built on the lake. In the 1950s, the Weatherby Lake dam ruptured and an impervious core was installed under the dam and under this property to protect the dam from any leakage. WLIC, therefore, purchased the property to "protect the dam." The house sits on the crown of the property near the street and the rest of the land slopes dramatically downward to the lake. The front of the house is only six feet from the front property line. The location of the house on the lot was grandfathered into the Weatherby Lake zoning code as a legal nonconforming use.

In June 2022, WLIC filed an application with the BZA for a variance from the required fifty-foot setback from the property line to be reduced to only a six-foot setback. In December 2022, the BZA held a public hearing on WLIC's application for a non-use variance. WLIC believed that the house on the lot was beyond repair in its current condition, but it was concerned with how to proceed because it wanted to protect the dam structure and not risk disturbing the impervious core. Any new construction complying with the current fifty-foot setback would create this risk. The president of WLIC's board of directors explained WLIC sought a variance because there was serious concern from engineers regarding construction near the impervious core, such that he believed "the place where the building is now is the best place to protect [the]

2

property and protect the dam from any degradation" and that construction on the property should not go "down the hill." If WLIC demolished the current structure before receiving the grant of a variance, then it would lose its grandfathered status, and would no longer meet the setback requirements of the zoning code. Any new replacement structure would have to be built to the current zoning code, which would require construction at least fifty feet further down the hill toward the water.

WLIC did not admit into evidence any engineering report, building plans indicating what could or would be built if the front setback variance were granted or what could or could not be constructed if the variance was not granted, or other documentation supporting its request for a non-use variance. No Weatherby Lake municipal ordinances, including the ordinance that sets forth the setback requirements, were introduced into evidence by either party during the hearing. The BZA's attorney only referred to three Weatherby Lake municipal ordinances during the hearing by summarizing, reading portions of the ordinances out loud, and commenting on what he believed the ordinances meant, all of which related to non-conforming use. A question followed this recitation, asking "These are our ordinances?"

WLIC needed four affirmative votes to obtain the variance. Three BZA members voted in favor of the non-use variance and two members voted against it. The two members voting against the non-use variance indicated that they voted against it because WLIC did not have or present to the BZA a plan for the property's future use.

The BZA was provided a written decision with optional findings to checkmark by their attorney, before the hearing. They voted to adopt the finding denying WLIC's application. The decision quoted two Weatherby Lake ordinances—section 405.120 that sets forth the setback requirements and section 405.400 that details the board of adjustment's powers. The BZA

3

denied the variance request because the vote did not reach the required super majority of four members needed to approve the variance request.[1] The BZA concluded that WLIC failed to demonstrate practical difficulties of why the property could not be used for a permitted use without conflicting with "the ordinance's restrictions."

WLIC filed a petition for a writ of certiorari with the Platte County circuit court pursuant to section 89.110 RSMo (2016). The circuit court held a hearing on the petition during which WLIC requested to supplement the record to include a packet that was provided to individual members and referenced at the public hearing before the BZA on WLIC's application. This packet included a list of reasons of why WLIC sought a variance, a copy of a plat that included the existing building, and photographs of the building. The circuit court granted the request to supplement the record to include the packet. WLIC also alerted the circuit court to its belief that "the zoning ordinance" may not have been properly before the BZA during the hearing on its application for a variance. The BZA responded that it did not believe there was any question about "whether or not the ordinance, from which the variance [was] sought" was before the BZA and that "the ordinance" was considered and was in the BZA's findings.

After reviewing the record and hearing argument from the parties, the circuit court affirmed the denial of WLIC's application for a variance in a written judgment. WLIC appeals.

## Standard of Review

We review the findings and conclusions of the BZA and not the trial court's judgment. *Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 33 (Mo. banc 2018); *Four B. Corp. v. City of Harrisonville*, 667 S.W.3d 169, 174 (Mo. App. W.D.

---

[1] The BZA's decision contained an error when it recounted the vote total but it correctly concluded that WLIC failed to garner the four necessary affirmative votes to obtain the variance.

4

2023). Article V, section 18 of the Missouri Constitution governs the scope of our review, and provides that "judicial review of an agency decision shall include the determination whether the [decision is] authorized by law, and in cases in which a hearing is required by law, whether the [decision is] supported by competent and substantial evidence upon the whole record." *Antioch Cmty. Church*, 543 S.W.3d at 33-34 (quoting Mo. Const. art. V, section 18). Our review of the BZA's decision in a zoning proceeding "is limited to a determination of whether the ruling is authorized by law and is supported by competent and substantial evidence upon the whole record." *Id.* at 34 (citation omitted). "In determining whether administrative findings are supported by competent and substantial evidence upon the whole record, this Court may consider only the record that was before the administrative body." *Consumer Contact Co. v. Dep't of Revenue*, 592 S.W.2d 782, 785 (Mo. banc 1980). *See also Platte Woods United Methodist Church v. City of Platte Woods*, 935 S.W.2d 735, 738 (Mo. App. W.D. 1996).

### Discussion

In its first point, WLIC argues that the BZA erred in denying its application for a non-use variance because the BZA improperly relied on the "unnecessary hardship" standard for use variances rather than the correct "practical difficulties" standard for non-use variances. In its second point, WLIC argues that there was no competent or substantial evidence in opposition to its request for a variance and, therefore, the BZA erred in denying its request. In WLIC's third point on appeal, it argues that the BZA erred in denying its request for a variance because "the zoning ordinance" was not in evidence at the hearing on WLIC's application for a variance. WLIC argues that without "the zoning ordinance" in evidence, the BZA did not have a standard to govern their vote.[2] We address point three first because it is dispositive of this appeal.

---

[2] WLIC's third point refers only to "the zoning ordinance" but it does not specifically state what zoning ordinance it refers to. The brief's argument portion similarly does not specifically state

5

"A court may not take judicial notice of the existence or contents of an ordinance." *Platte Woods*, 935 S.W.2d at 739. *See also Schneider v. Housing Bd. of Appeals,* 969 S.W.2d 873, 875 (Mo. App. E.D. 1998). Here, the BZA's decision quotes Weatherby Lake ordinance section 405.120 which sets forth setback requirements. (LF D5 pg. 1). "It was necessary for some party to introduce the ordinance[] in question." *Gannett Outdoor Co. of Kansas City v. Bd. Of Zoning Adjustment of Jackson Cnty.*, 943 S.W.2d 359, 362 (Mo. App. W.D. 1997) (citing *Lussow v. County Comm'n*, 887 S.W.2d 815, 817 (Mo. App. E.D. 1994)); *State ex rel. Barnes v. Hunter*, 867 S.W.2d 282, 283–84 (Mo. App. S.D. 1993). Without the applicable ordinance—or ordinances—in evidence, there is "insufficient evidence in the record to sustain" the BZA's findings. *See State ex rel. Dotson v. Cnty. Comm'n of Clay Cnty.*, 941 S.W.2d 589, 594 (Mo. App. W.D. 1997) (citation omitted). "Thus, any decision that is based upon part of a municipal ordinance that is not admitted into evidence or has been stipulated to by the parties lacks the requisite substantial evidence to support it." *Id.*

This Court considered a similar situation to the case before us in *Gannett Outdoor Company of Kansas City v. Board of Zoning Adjustment of Jackson County*, 943 S.W.2d 359 (Mo. App. W.D. 1997), where the relevant municipal ordinances were discussed generally at a hearing before a board of adjustment but were not introduced into evidence. In *Gannett*, a business appealed a board of zoning adjustment's decision denying its application for a special

---

which zoning ordinance or ordinances it is referring to. From our reading of its brief, the BZA believed that the WLIC was referring to section 405.120 of the Weatherby Lake zoning ordinances which sets forth setback requirements—a reasonable assumption given the issue on appeal. While WLIC should have listed the specific zoning ordinance or ordinances it was referring to rather than discussing "the zoning ordinance" generally, it is immaterial to our resolution here as *no* zoning ordinances were admitted into evidence during the hearing in front of the BZA.

use permit to continue placement of an outdoor advertising sign on the side of a highway. 943 S.W.2d at 360. At a public hearing before the board of zoning adjustment, the business presented testimony and evidence in support of its request for a special use permit, and no one testified in opposition. *Id.* at 361. Neither the board of zoning adjustment's policy governing off-premises signs and billboards nor the relevant county ordinances were introduced into evidence. *Id.* The board voted to deny the special use permit, finding that granting the special use permit would not conform with the scope, nor general intent, nor purpose of the county's zoning order and its policy governing off-premises signs and billboards. *Id.*

The business then sought judicial review in the circuit court and the court entered an order supplementing the record to include "the ordinances necessary to substantiate" the board of zoning adjustment's action. *Id.* Two chapters from the county code were subsequently added to the record on judicial review. *Id.* The circuit court then denied the business's petition for judicial review and affirmed the board of zoning adjustment's denial of the special use permit. *Id.*

On appeal, the board of zoning adjustment argued that the appeal should be dismissed because the business failed to develop a proper record that would allow this Court to review the decision on the special use permit. *Id.* We noted that in our review, this Court considers only the record that was before the board of zoning adjustment. *Id.* at 362. We concluded that the board's record was "not sufficiently developed for meaningful review as it [did] not contain a copy of the ordinances pertinent to the [board of zoning adjustment's] decision." *Id.* We also stated that discussion of the ordinances at the hearing was not sufficient and we could not rely on the fact that the ordinances were introduced later at the circuit court. *Id.* We declared the board of zoning adjustment's decision and the circuit court's judgment invalid, reversed the board's

7

ruling and the circuit court's judgment, and remanded to the board for further proceedings on the business's application. *Id.* at 363.

Other cases have reached the same legal conclusion that there was not competent and substantial evidence to support the decision where the municipal or county ordinances were not introduced into evidence at the agency level. Three such cases reaching this same legal conclusion are of note. First, *Schneider v. Housing Bd. of Appeals,* 969 S.W.2d 873, 875 (Mo. App. E.D. 1998) held that in an action challenging the decision of the city housing board of appeals denying a request for a variance, the decision was not supported by competent and substantial evidence without the introduction of the ordinance into evidence. The *Schneider* Court required that the ordinance on which the board's decision was based be introduced into evidence. *Id.* Though a paragraph of the ordinance was quoted on a page of a larger exhibit entered into evidence and witnesses mentioned the ordinance at the hearing, this was insufficient to cure the fatal defect. *Id.*

Next, *Platte Woods United Methodist Church v. City of Platte Woods*, 935 S.W.2d 735, 738-39 (Mo. App. W.D. 1996) held that in an action challenging a board of alderman's denial for a conditional use permit, the absence of the municipal ordinances prescribing standards for the issuance of a conditional use permit in the record was fatal to the decisions of the board of alderman and the circuit court's judgment. Without the ordinances in the record, no standards existed for determining whether the board's decision was based on competent and substantial evidence. *Id.* at 739.

Finally, *Lussow v. County Commission,* 887 S.W.2d 815, 817 (Mo. App. E.D. 1994) held that where a county ordinance outlining standards for the issuance of a conditional use permit was not in the record from the proceedings before a county commission, such absence was fatal

to the commission's issuance of a conditional use permit.  While a letter was in the record that purportedly quoted the ordinance and the ordinance was included in the petition filed in circuit court, this was insufficient and was a fatal defect.  *Id.* at 816-17.

Here, neither party introduced any Weatherby Lake ordinances into evidence at the hearing before the BZA and no stipulation regarding the applicable ordinance or ordinances were recited or offered into evidence.  WLIC applied for the variance and it should have introduced the ordinance—or ordinances—applicable to its request into evidence at the hearing before the BZA.  While the BZA's attorney specifically referenced three Weatherby Lake ordinances by number during the hearing, including summarizing and reading parts of the ordinances out loud, this was not enough.  The BZA argues that because the board "considered" the ordinance related to setback requirements and the ordinance was included "verbatim" in the BZA's findings that were drafted before the hearing, then the ordinance was properly introduced into the record.  We are unpersuaded.

Although neither party has directed our attention to the case, we acknowledge the ruling in *General Motors Corporation v. Fair Employment Practices Division*, 574 S.W.2d 394 (Mo. banc 1978), where the Supreme Court of Missouri avoided a strict application of the rule that a court may not take judicial notice of the existence or contents of city or county ordinances. *General Motors* acknowledged the rule and said:

> One need but ask how an agency's determination of an ordinance violation can be reviewed and affirmed without the ordinance having been properly put in evidence before the agency, to recognize such failure of proof effectively precludes any determination as to the validity of the ordinance, and vitiates any agency decision rendered in reliance thereon.

574 S.W.2d at 400.  The Court stated it considered the merits of the appeal for the following reasons:

9

because it [was] apparent that all parties, the [d]ivision and the circuit court had the ordinance before them during these proceedings and no objection was made at any stage before the commission, the trial court or in this appeal to the movant's failure in the first instance to make formal offer of the ordinance and proof of its adoption.

*Id.* Ultimately, *General Motors* stated, "we reiterate that our holding does not rest on this rule of evidence; rather, for the reasons first discussed, we find the decision of the [d]ivision was not supported by substantial competent evidence." *Id.*

Two other cases, *State ex rel. Dotson v. County Commission of Clay County*, 941 S.W.2d 589, 594-95 (Mo. App. W.D. 1997**)** and *Wehrle v. Cassor*, 708 S.W.2d 788, 791 n.2 (Mo. App. E.D. 1986), acknowledged the rule that a court may not take judicial notice of the existence or contents of a city or county ordinances but cited *General Motors* and similarly did not apply the rule under the circumstances existing in those cases. *General Motors*, *Dotson*, and *Wehrle* are all distinguishable from this case. Here, it is not apparent or proven by the record that all the parties, the BZA and the circuit court had the applicable ordinance or ordinances before it during the proceedings, WLIC brought this issue to the circuit court's attention, and complains of the issue on appeal. We find no reason to deviate from the general rule.

"The ordinance applicable to the case should have been introduced into evidence." *Schneider*, 969 S.W.2d at 875 (citing *Consumer Contact Co.*, 592 S.W.2d at 785). "The failure of the parties to do so is fatal to this appeal. That the ordinances were generally discussed at the hearing is not enough." *Gannett*, 943 S.W.2d at 362 (citing *Platte Woods*, 935 S.W.2d at 739). *See also Schneider*, 969 S.W.2d at 875 (stating that the absence of the applicable ordinance from the record was a "fatal defect" even though a paragraph of the ordinance was quoted on a page of a larger exhibit entered into evidence and witnesses mentioned the ordinance at the hearing).

The BZA also argues, in the alternative, that if the applicable ordinances were not properly introduced into evidence at the hearing, then WLIC's appeal "fails" and must be denied.

10

The BZA argues that WLIC should not benefit from its failure to properly introduce the ordinances into the record. This argument is contrary to prior cases that hold that regardless of which party bears the burden of introducing the ordinance at issue, the failure to do so means that competent and substantial evidence does not exist to support the agency's action, thus necessitating reversal on appeal. These cases do not require a denial of appeal that would preclude the applicant from further action. *See e.g.*, *Barnes*, 867 S.W.2d at 283-84; *Schneider*, 969 S.W.2d at 875; *Platte Woods*, 935 S.W.2d at 738-39.

Thus, without the applicable municipal ordinances in evidence, the record before this Court does not allow us to determine whether the BZA's findings and decision are supported by competent and substantial evidence. *See Platte Woods*, 935 S.W.2d at 739; *Schneider*, 969 S.W.2d at 875; *Lussow*, 887 S.W.2d at 816-17. Further, this Court does "not have the power to remand the case for the purpose of receiving the relevant ordinances into evidence." *Gannett*, 943 S.W.2d at 362; *Barnes,* 867 S.W.2d at 284.

Point three is granted.

## Conclusion

Without the relevant ordinances in the record, no standards exist for this Court's review of the BZA's decision. *See Gannett*, 943 S.W.2d at 363. The BZA's decision and the circuit court's judgment are reversed. This Court's reversal of the circuit court's judgment and the BZA decision are without prejudice to WLIC's right to file a subsequent application for a variance. *See Lussow*, 887 S.W.2d at 817; *Barnes*, 867 S.W.2d at 284.

_____
Janet Sutton, Judge

W. Douglas Thomson, P.J., and Karen King Mitchell, J. concur.

11